546 So.2d 451 (1989)
APALACHEE REGIONAL PLANNING COUNCIL, Appellant,
v.
Gene BROWN, d/b/a Leisure Properties, Ltd. and Leisure Properties, Ltd., a Florida Partnership, Appellees.
No. 88-2962.
District Court of Appeal of Florida, First District.
July 13, 1989.
Linda Loomis Shelley and Tommy E. Roberts, Jr., of Dixon, Blanton & Shelley, Tallahassee, for appellant.
Gene D. Brown, Tallahassee, for appellees.
SHIVERS, Chief Judge.
We review a final judgment entered October 24, 1988 declaring Fla. Admin. Code Rule 29L-2.02 (now Rule 29L-2.002) as promulgated under chapter 160 (now sections 186.501-186.513, Fla. Stat. (1987)), unconstitutional as an unlawful delegation of legislative power. "Unlawful delegation refers to the power to make a law rather than the authority as to its execution... ." Jones v. Department of Revenue, 523 So.2d 1211, 1214 (Fla. 1st DCA 1988). Under the non-delegation principle, this judgment would invalidate all of chapter 160. In this respect the judgment is unnecessarily broad. However, the judgment also states that the statutes "contain absolutely no guidelines or standards for setting fees and no limitation on how much can be assessed." We read the judgment to declare that neither chapter 160 nor any other statutory authority lawfully delegated to the Apalachee Regional Planning Council (ARPC) power to promulgate the Rule at issue. We reverse the judgment and certify *452 to the Florida Supreme Court a question of great public importance:
WHETHER THE POWER TO SET AND COLLECT FEES FOR DEVELOPMENT OF REGIONAL IMPACT APPLICATION AND REVIEW COSTS, AS EXERCISED PURSUANT TO RULE 29L-2.02, WAS PROPERLY DELEGATED TO THE APALACHEE REGIONAL PLANNING COUNCIL BY THE FLORIDA LEGISLATURE.
In October 1984 appellees entered into an agreement with the ARPC for review of their development of regional impact (DRI), paid $4,000 deposit, and submitted an application to the ARPC for review of a Substantial Deviation to a Development of Regional Impact Order pursuant to Fla. Admin. Code Rule 29L-2. The ARPC reviewed appellees' application and in accordance with Rule 29L-2.02, appellees were charged with 100% of the reviewing costs of its application up to $10,000, and 80% of the cost for the portion over $10,000. The final amount due was $14,856.74. (The Rule was amended in 1987 to require a $10,000 deposit and to make the applicant liable for 100% of the review costs. Rule 29L-2.002 (1987)).
Appellees did not pay and the ARPC filed a complaint October 1986 demanding judgment for the amount due. Appellees filed an answer affirmatively defending that the Rule was unconstitutional. The parties stipulated that if the court found the Rule to be constitutional then judgment should be entered for the ARPC in the amount they sought for review costs, and if the Rule is unconstitutional that Appellees should be reimbursed their $4,000 fee deposit.
The ARPC argues its authority to promulgate the Rule derives from essentially three areas of Florida law. First, from the Act pursuant to which the ARPC was created in 1979, the "Florida Interlocal Cooperation Act of 1969." Chapter 163, Fla. Stat. (1983). Second, from the Act which sets out some of the ARPC's activities and authority, the "Florida Regional Planning Council Act." Chapter 160, Fla. Stat. (1983). And third, from section 380.06, Fla. Stat. (1983), of the "Florida Environmental Land and Water Management Act of 1972", which details the role regional planning agencies play in the DRI process.
Reading the pertinent portions of chapters 160, 163, and 380 in pari materia, though they authorize the ARPC to administer DRI reviews and charge fees generally, they do not specifically guide or limit the amount of fees chargeable to the developer for such reviews. Section 160.02(12) empowers the ARPC to "fix and collect ... fees when appropriate." Likewise section 163.01(5)(h) authorizes the ARPC to fix and collect "fees, where appropriate," and to promulgate rules to that end. Section 380.06(22)(c) permits the ARPC to promulgate rules to promote efficient review of DRI applications.
We find our opinion in Department of Business Regulation v. Jones, 474 So.2d 359 (Fla. 1st DCA 1985) instructive. In that case DBR dismissed one of its employees who then appealed to the Career Service Commission. The Commission found that the employee's actions did not warrant dismissal and, after a suspension, it reinstated him to his former position pursuant to the asserted authority ascribed to it under statute. DBR argued that the statute giving the Commission the power to reduce a dismissal to a suspension was an unlawful delegation of legislative power because the statute contained no adequate standards by which the Commission's power could be checked. We disagreed and affirmed noting that there exist exceptions to the general rule that the legislature should provide certain legislative guidelines when delegating discretion to an agency to act.
The exception applicable here arises "`when the statute regulates businesses operated as a privilege rather than as a right which are potentially dangerous to the public.'" Id. at 362 (quoting Florida Waterworks Association v. Florida Public Service Commission, 473 So.2d 237, 245 (Fla. 1st DCA 1985)). This exception generally arises when the statute "`relates to the administration of a police regulation and is necessary to protect the general *453 welfare, morals, and safety of the public... . In such situations the courts will infer that the standard of reasonableness is to be applied.'" Department of Business Regulation v. Jones, 474 So.2d at 362 (quoting North Broward Hospital District v. Mizell, 148 So.2d 1, 4, n. 11 (Fla. 1962)) (emphases deleted).
The DRI statute along with the statutes which authorize the ARPC to set and collect fees relate to regulation which has as its aim the protection of "the health, welfare, safety, and quality of life of the residents of this state... ." Section 380.021. Further, the statutes serve as a control on the privilege of land development which is potentially dangerous to the citizens of more than one county "because of its character, magnitude, or location... ." Section 380.06(1). We believe application of this exception to the non-delegation rule is compelled based on the nature and purpose of the legislation from which the ARPC fee rule is derived. Nevertheless, further discussion of this case in the context of the non-delegation rule is merited.
"[T]he crucial test in determining whether a statute amounts to an unlawful delegation of legislative power is whether the statute contains sufficient standards or guidelines to enable the agency and the courts to determine whether the agency is carrying out the legislature's intent." Department of Insurance v. Southeast Volusia Hospital District, 438 So.2d 815, 819 (Fla. 1983). The specificity of standards and guidelines required from the legislature depends on "the subject matter dealt with and the degree of difficulty involved in articulating finite standards." Askew v. Cross Key Waterways, 372 So.2d 913, 918 (Fla. 1978). If the subject matter "requires the expertise and flexibility of the agency to deal with `complex and fluid' conditions", the legislature will not be required to draft more detailed or specific legislation. See Jones v. Department of Revenue, 523 So.2d at 1214. Further, statutes are not unlawful delegations of legislative power when the power sought to be exercised under their auspices is simply "a technical issue of implementation and not a fundamental policy decision." Southeast Volusia Hospital District, 438 So.2d at 820.
Though the legislature has spoken extensively on DRI guidelines, standards, and procedures in sections 380.06 and 380.0651, the complexity and needed flexibility inherent in the DRI review process as it applies to individual applicants is too pronounced to be practicably placed within the scope of legislative responsibility. The review responsibility is a dynamic process between the developer, the state land planning agency, the Administration Commission, the pertinent regional planning council and water management district, and local governments as well as, potentially, other state agencies such as the Departments of Natural Resources, and Environmental Regulation. See generally section 380.06. This process requires a large degree of flexibility and expertise due to a myriad of variables inherent in large-scale land development, e.g., types of land, natural resources, and water supplies impacted, population, and energy impacts, types of development projects, and existing surrounding uses and those likely to follow as a result of the development. See section 380.06(2)(b). It follows then that the extensive variables inherent in the review process require flexibility in determining fees for that process because the fee amount is a function of the nature of the particular development proposal. Like the DRI review process itself, the fees resulting from that process are subject to variations that are beyond the expertise and calculability of the legislature.
By reading the statutes in pari materia, we believe the legislature intended to enable the ARPC to recover some or all of its costs of the review process from the developer instead of the taxpayer. The Rule is limited by its own terms to the costs resulting from the review process alone. We find that the fees levied pursuant to Rule 29L-2.02 are merely technical implementations of a fundamental legislative policy decision.
Based on the foregoing, we conclude that the trial court erred insofar as it found that *454 the Rule at issue was promulgated pursuant to statutory authorities which unlawfully delegated legislative power to the ARPC. We find that the legislature was free to leave reasonable DRI review fee exaction to the ARPC because the enabling statutes concern the health, welfare, and safety of the state's citizens and because they simply permit the ARPC to collect fees that result from complex and varying reviews. We specifically find chapter 160 and the abovementioned enabling authorities constitutional insofar as they delegate to the ARPC authority to collect DRI review fees.
REVERSED and REMANDED.
ERVIN and JOANOS, JJ., concur.