Gerald S. Livingston General Counsel East Central Florida Regional Planning Counsel
QUESTION: Is the East Central Florida Regional Planning Council authorized by ss. 186.501-186.513, F.S., or by 380.06(23), F.S. (1990 Supp.), to adopt an administrative rule establishing criteria and standards for wetland buffers to be used in formulating recommended conditions for developments of regional impact?
SUMMARY: The East Central Florida Regional Planning Council is authorized to adopt an administrative rule establishing criteria for wetland buffers pursuant to either ss. 186.501-186.513, F.S., or s. 380.06(12) and (23), F.S. (1990 Supp.).
The East Central Florida Regional Planning Council proposes to adopt a wetland buffer rule which "establishes how the [council] will evaluate the adequacy of proposed upland buffers around regionally significant wetlands . . . ."[1] The rule is to be used by the council to review the adequacy of wetland buffers in Binding Letter of Interpretation, Preliminary Development Agreements, Application for Development Approval, and DRI (Developments of Regional Impact) Development Orders.[2]
Any proposed development or activity which is found to meet or exceed the wetland buffer requirements identified in the rule will not be given an adverse comment or recommendation by the council.[3] The rule provides definitions of terms used therein, establishes application standards, provides alternatives to determining buffer criteria, and includes certain exceptions and variances.[4]
Sections 186.501-186.513, F.S.
Sections 186.501-186.513, F.S., the "Florida Regional Planning Council Act," (the act) authorized the creation of regional planning councils in each of the several comprehensive planning districts of the state.[5] The declared purpose of the act is:
 [T]o establish a common system of regional planning councils for areawide coordination and related cooperative activities of federal, state, and local governments; ensure a broad-based regional organization that can provide a truly regional perspective; and enhance the ability and opportunity of local governments to resolve issues and problems transcending their individual boundaries.[6]
The act designates the regional planning council as the primary organization to address problems and plan solutions that are of concern on more than a local level. It is through the regional planning councils that local governments may provide input into state policy development.[7]
In order to accomplish these legislatively proscribed goals, regional planning councils have been given a number of specifically enumerated powers, including the power "[t]o adopt rules of procedure for the regulation of its affairs and the conduct of its business[.]"[8] A council is also authorized: "[t]o act in an advisory capacity to the constituent local governments in regional, metropolitan, county, and municipal planning matters[;]"[9] and "[t]o provide technical assistance to local governments on growth management matters."[10]
The rule-making authority of an administrative board is limited to the making of rules and regulations necessary to the enforcement of the act under consideration,[11] in this case, the Florida Regional Planning Council Act. Administrative regulations must be consistent with the statutes under which they are promulgated, and they may not amend, add to, or repeal a statute.[12]
Finally, inasmuch as the rule-making power of a public administrative body is a delegated legislative power, an agency may not exceed the authority conferred, and may not use its power either to abridge the authority given it by the Legislature or to enlarge its powers beyond the scope intended by the Legislature.[13]
Pursuant to the "Florida Regional Planning Council Act," regional planning councils must prepare and submit to the Executive Office of the Governor a proposed comprehensive regional policy plan.[14]
This regional policy plan contains regional goals and policies regarding growth management and must be consistent with the adopted state comprehensive plan.[15] Regional plans must address significant regional resources, infrastructure needs, or other important issues within the region. These plans shall specify regional issues that may be used in reviewing a development to regional impact.[16] The statute requires that "[s]uch regional or policies that specifically relate to or govern a regional issue or criteria adopted for development-or-regional-impact reviews."[17].
An adopted comprehensive regional policy plan must contain, "in addition to other criteria established by law, the basis for regional review of developments of regional impact, regional review of federally assisted projects, and other regional overview and comment functions."[18]
As discussed above, s. 186.507, F.S., requires that regional planning councils set forth the basis for their review of developments of regional impact and other regional projects. Section 186.505(1), F.S., authorizes these councils to adopt rules of procedure for the regulation of their affairs and the conduct of their business. Thus, reading these two statutes in parimateria,[19] it is my opinion that regional planning councils have the authority to adopt administrative rules which set forth the basis or criteria to be used in fulfilling their statutorily prescribed duties under s. 380.06, F.S.
Section 380.06, F.S. (1990 Supp.)
Section 380.06, F.S. (1990 Supp.), provides the framework for the regulation of "developments of regional impact"[20] or DRI's. Pursuant to s. 380.06(12)(a), F.S. (1990 Supp.), a regional planning agency must, within 50 days of receipt of a notice[21]
of a public hearing on a DRI, prepare and submit to the local government involved a report and recommendation on the regional impact of the proposed development.[22] In preparing this report and its recommendations, the regional planning agency shall identify regional issues based on specified review criteria. The agency is required to make recommendations to the local government on these regional issues. Among the matters which the planning agency must consider is the extent to which:
The development complies with such other criteria for determining regional impact as the regional planning agency deems appropriate, . . . provided such criteria and related policies have been adopted by the regional planning agency pursuant to s. 120.54.[23]
Section 120.54, F.S., provides adoption procedures for administrative rule-making. Thus, a regional planning agency is granted general authority to adopt criteria for determining the regional impact of development when it determines that such criteria should be considered.
With regard to the responsibilities of regional planning agencies, s. 380.06(23)(b) and (c), F.S. (1990 Supp.), provide that:
(b) Regional planning agencies shall develop a list of regional issues to be used in reviewing development-of-regional-impact applications for development approval. Such regional issues shall be consistent with state laws and rules where state laws and rules on those issues exist. These lists of regional issues must be submitted to the state land planning agency[24] for its adoption or rejection. . . . (c) Regional planning agencies shall be subject to rules adopted by the state land planning agency; however, a regional planning agency may adopt additionalrules, not inconsistent with rules adopted by the state land planning agency, to promote efficient review ofdevelopment-of-regional-impact applications. Regional planning agency rules shall be adopted pursuant to chapter 120. (e.s.)
Thus, the rule-making authority of regional planning councils pursuant to s. 380.06(23), F.S. (1990 Supp.), is to be exercised to promote efficiency on the part of the councils in reviewing DRI matters.[25]
According to the rule which you have proposed:
This rule shall be used by the Council to review the adequacy ofwetland buffers in Binding Letters of Interpretation, PreliminaryDevelopment Agreement, Applications for Development Approval, andDRI Development Orders and other activities pursuant to s. 380.06,F.S. Any proposed development which meets or exceeds the wetland buffer requirements identified in this rule shall not be denied or appealed by the Council on the Basis of inconsistency with Regional Policy 43.8. (e.s)
Thus, it would appear that the purpose of the rule is to process DRI documents more quickly and efficiently by providing a benchmark against which developers may measure certain aspects of their developments. If a proposed development meets the criteria established by the rule, the effect of the rule would be to preclude the regional planning council from recommending that a local government deny that aspect of a developer's proposed project. The council would also be precluded from an appeal on this basis.
Adoption of such a rule would appear to be in keeping with the statutory language of s. 380.06(23), F.S. (1990 Supp.), which authorizes regional planning agencies to adopt rules which promote more efficient review of DRI activities. Such a rule establishing criteria for evaluation of the adequacy of a proposed wetland buffer would merely set, by rule, the technical criteria for the DRI review process[26] for the East Central Florida Regional Planning Council.
Therefore, it is my opinion, based on the provisions of either Ch.186, F.S., or 380.06, F.S. (1990 Supp.), that the East Central Florida Regional Planning Council is authorized to adopt an administrative rule establishing criteria and standards for wetland buffers to be used in fulfilling its statutory responsibilities concerning s. 380.06, F.S.
[1] See, S. 1), Proposed Wetland Buffer rule Draft #5, dated November 15, 1990.
[2] Id. s. 3) a).
[3] Id. s. 3) b).
[4] Id. ss. 2), 3), 4), 5), and 6).
[5] Sections 186.501 and 186.504(1), F.S.
[6] Section 186.501(2), F.S.
[7] Section 186.502(3), F.S.
[8] Section 186.505(1), F.S.
[9] Section 186.505(10), F.S.
[10] Section 186.505(20), F.S.
[11] See, Lewis v. Florida State Board of Health,143 So.2d 867, 876 (1 D.C.A. Fla., 1962), cert. denied,149 So.2d 41 (Fla. 1963).
[12] Department of Health and Rehabilitative Services v. Florida Psychiatric Society, Inc., 382 So.2d 1280 (1 D.C.A. Fla., 1980). See also, Department of Administration, Division of Retirement v. Albanese, 445 So.2d 639 (1 D.C.A. Fla., 1984). Andsee generally, 73 C.J.S. Public Administrative Law andProcedure s. 89 (in the absence of a specific statement in the statutory grant of rule-making power, an administrative agency may not, by its rules and regulation, amend, alter, enlarge, or limit the terms or operation of a legislative enactment).
[13] See generally, 73 C.J.S. Public AdministrativeLaw and Procedure s. 89.
[14] Section 186.508(1), F.S.
[15] Section 186.507(1), F.S.
[16] See, Rule 29F-1.0091, F.A.C., setting forth the regional issues list for the East Central Florida Regional Planning Council; subsection (2) of this rule establishing environmental and natural resources as an element on this list; and subparagraph (2)(d) of the rule relating to wetlands.
[17] Supra, footnote 15.
[18] Section 186.507(8), F.S. And see, Rule 29F-4.004, F.A.C., which establishes review criteria for all projects reviewed by the East Central Florida Regional Planning Council.
[19] See, Ideal Farms Drainage Dist. et al. v. Certain Lands, 19 So.2d 234 (Fla. 1944) and State v. Haddock,140 So.2d 631 (1 D.C.A. Fla., 1962), for the proposition that when two statutes relate to common things or have a common or related purpose, they are said to be in pari materia, and where possible, a construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.
[20] Section 380.06(1), F.S. (1990 Supp.), defines "development of regional impact" for purposes of this section as "any development which, because of its character, magnitude, or location, would have a substantial effect upon the health, safety, or welfare of citizens of more than on county."
[21] See, s. 380.06(11), F.S. (1990 Supp.), which sets forth the specific requirements for local notice.
[22] And see, Rule 9J-2.024, F.A.C., dealing with the regional report and recommendations required by s. 380.06(12), F.S.
[23] See, s. 380.06(12)(a)6., F.S. (1990 Supp.). Andsee, rule 9J-2.020, F.A.C., setting forth summarized procedures and requirements for DRIs which include, in subsection (d), "[a] report and recommendations by the regional planning agency pursuant to Subsection 380.06(12), Florida Statutes[.]"
[24] The state land planning agency is the Department of Community Affairs. See, s. 380.031(18), F.S.
[25] Cf., s. 380.06(7)(b), F.S. (1990 Supp.), which provides that the regional planning agency shall establish by rule a procedure for developers to enter into binding written agreements with regional planning agencies to eliminate questions from the application for development approval when those questions are determined to be unnecessary for DRI impact review. The statute specifically states that "[i]t is the legislative intent of this subsection to encourage reduction of paperwork, to discourage unnecessary gathering of data, and to encourage the coordination of the development-of-regional-impact review process with federal, state, and local environmental reviews when such reviews are required by law."
[26] Cf., Brown v. Apalachee Regional Planning Council, 560 So.2d 782, 785 (Fla. 1990), approving, Apalachee Regional Planning Council v. Brown, 546 So.2d 451 (1 D.C.A. Fla., 1989), in which the district court determined that a regional planning council was authorized to adopt an administrative rule imposing a cost-based review fee for DRI's. The district court determined that this action by the council was merely a technical implementation of a fundamental legislative policy decision to provide flexibility in the DRI review process. The Florida Supreme court analyzed the lower court decision and determined that "given the highly technical nature of the DRI review process, details relating to the imposition of a cost-based review fee can be viewed as a technical matter of implementation rather than a fundamental policy decision."