PER CURIAM.
Appellant entered a plea of no contest and was sentenced to one year in jail followed by one year of drug offender probation. The written order of probation included three special probation conditions that were not orally pronounced at sentencing. We reverse the imposition of these three conditions not orally pronounced and remand.
Probation conditions that are not set out in sections 948.03-.034, Florida Statutes (1995), and Florida Rule of Criminal Procedure 3.986(e), are special conditions that must be pronounced during sentencing in open court. State v. Hart, 668 So.2d 589, 591-93 (Fla.1996). If such conditions are not orally pronounced at sentencing, the trial court must strike the unannounced conditions. Justice v. State, 674 So.2d 123, 125 (Fla.1996).
In the instant case, the written probation order included conditions requiring Appellant to observe a curfew, report daily to his probation officer if not employed, and enroll in a Drug Awareness Course. These three conditions were not orally pronounced at sentencing and are not among the general conditions set out in sections 948.03- 034, Florida Statutes (1995), or Florida Rule of Criminal Procedure 3.986(e). Accordingly, we reverse the trial court’s probation order as it pertains to the three special written conditions not orally pronounced at sentencing and remand for the trial court to strike said conditions.
REVERSED AND REMANDED.
GUNTHER, C.J., and POLEN and FARMER, JJ., concur.