686 So.2d 689 (1996)
Traman D. TORY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2085.
District Court of Appeal of Florida, Fourth District.
December 26, 1996.
*690 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. Ash, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Traman D. Tory, pled no contest to charges of possession of cocaine, possession of less than 20 grams of cannabis, driving while license suspended, and possession of drug paraphernalia. Appellant raises a number of issues as to the sentence imposed: (1) that the written sentence does not comport with the trial court's oral pronouncement; (2) that certain conditions of drug offender probation imposed were not orally pronounced; (3) that section 948.01(13)(a), Florida Statutes (1993), establishing drug offender probation, is an unconstitutional delegation of legislative authority to an administrative agency; and (4) that the trial court erred in ordering him to pay the costs of prosecution.
As to appellant's first claim of error, the record indicates that on the charge of possession of cocaine the trial court orally pronounced sentence of two (2) months in the county jail followed by three and one-half *691 (3½) years drug offender probation. The court specifically stated:
All right. In count one sentence him to two months in jail jail [sic], credit for time served, followed by three and one half year[s] drug offender probation. In counts two, three and four sentence him to thirty days on each count to run concurrently with each other and concurrent with count one. The only probation to be for a year.
The written sentence, however, stated that appellant was to be "placed on drug probation for a period of one (1) year to be followed by two and one half (2½) years probation."
Appellee takes the position that the trial court's oral pronouncement was merely a "misstatement" and that the written sentence should prevail. However, where a written order does not conform to the court's oral pronouncement of judgment and sentence, the latter prevails. See Walls v. State, 596 So.2d 811, 812 (Fla. 4th DCA 1992); Tannihill v. State, 559 So.2d 608, 609 (Fla. 4th DCA 1990). Moreover, an oral pronouncement will most certainly prevail where the state concedes that the written sentence was in error. See Lester v. State, 563 So.2d 178, 179 (Fla. 5th DCA 1990). However, absent concession by the state, a conflict between the written order and the oral pronouncement requires a factual resolution by the trial court. Id.
In this case, appellee does not concede error. In fact, appellee maintains that both the oral and written orders demonstrate that the total amount of probation to be imposed was three and one half (3½) years. Likewise, appellee suggests that it is clear that the court intended a one (1) year term of probation on counts II, III, and IV.
Notwithstanding, given appellant's differing interpretation as to the trial court's intention, the oral pronouncement is ambiguous and does not provide a guide in which to reconcile the oral pronouncement with the written order. Most certainly, it is unclear as to which count the one (1) year term of probation applies.
Where the record demonstrates that during the oral pronouncement of sentence, the trial judge made inconsistent statements, the matter must be remanded to the trial court to clarify the sentence imposed and to enter such corrected sentencing orders as may be appropriate. See Gates v. State, 535 So.2d 359 (Fla. 4th DCA 1989); see also Jackson v. State, 615 So.2d 850 (Fla. 2d DCA 1993); Newton v. State, 603 So.2d 558 (Fla. 4th DCA 1992).
Appellant next contends that the trial court erred by imposing "standard conditions" of probation provided in section 948.03(1), and contained in the probation order, which were not orally pronounced at sentencing, because he was specifically placed on "drug offender" probation, pursuant to section 948.01(13)(a). Appellant challenges the following conditions which appear on the written order of drug offender probation:
(1) Not later than the fifth day of each month, you will make a full and truthful report to your Officer on the form provided for that purpose.
(2) You will pay to the State of Florida the amount of Fifty Dollars ($50.00) plus a 4% surcharge of Two Dollars ($2.00) per month toward the cost of your supervision unless otherwise waived in compliance with Florida Statutes.
(3) You will not change your residence or employment without or leave the county of your residence without first procuring the consent of your Officer.
(4) You will neither possess, carry or own any firearm, and you will not possess, carry or own any weapons without first procuring the consent of your Officer.
(5) You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
(7) You will work diligently at a lawful occupation, inform you employer of your probationary status and support any dependents *692 to the best of you ability as direct by your Officer.
(8) You will promptly and truthfully answer all inquiries directed to you by the Court or your Officer, and allow your Officer to visit in you home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.
(9) You shall report in person within 72 hours of your release from confinement to the Probation and Parole Services office in VERO BEACH, INDIAN RIVER County, Florida unless otherwise instructed by your Officer.
(10) You will observe a curfew from 10:00 P.M. to 6:00 A.M. daily, unless give [sic] specific permission by your officer to leave your approved place of residence.
(12) You will undergo substance abuse treatment and/or education as directed by your Officer, which may include residential treatment, if deemed appropriate by your Officer.
(13) You will report to your Officer daily if not employed full-time or a full-time student.
Appellant contends that conditions (1) through (9) are patterned after the terms and conditions set forth in section 948.03, Florida Statutes (Supp.1994), which pertain to "probation" and "community control." He alleges that drug offender probation is separate and distinct from probation and community control since it is defined separately in section 948.001, Florida Statutes (1993), and, therefore, was required to be orally pronounced.
We reject this argument. As recognized by this court in Mosley v. State, 677 So.2d 27 (Fla. 4th DCA 1996), reh'g denied, (August 16, 1996):
Section 948.01(13)(a) provides that drug offender probation "may include those measures normally associated with community control." Therefore, like a defendant placed on regular probation or community control, a defendant placed on drug offender probation is on constructive notice that some or all of the standard conditions listed in the statute may be imposed by the judge. Oral pronouncement, in either case, is not required.
See generally State v. Hart, 668 So.2d 589 (Fla.1996); State v. Beasley, 580 So.2d 139, 142 (Fla.1991).
In this case, conditions (1), (2), (3), (5), (7), (8), and (9) are statutorily authorized standard conditions under section 948.03. Thus, only the remaining conditions (4), (6), (10), (12), and (13) appear to cause concern.
Conditions (4) and (6), however, are identical to conditions of probation contained in the supreme court's "Form Order of Probation." Fla. R.Crim. P. 3.986(e). Accordingly, under Hart, these conditions are sufficiently noticed and need not be orally pronounced.
Conditions (10), (12), and (13), however, are neither statutorily imposed nor included within rule 3.986(e). Accordingly, these special conditions should have been orally pronounced and, therefore, must be stricken. See Justice v. State, 674 So.2d 123, 125 (Fla. 1996); Ealy v. State, 681 So.2d 914 (Fla. 4th DCA 1996).
Appellant next contends that section 948.01(13)(a), Florida Statutes, is unconstitutional on its face as an unlawful delegation of legislative authority to an administrative agency, the Department of Corrections, in violation of article II, section 3, Florida Constitution.
Section 948.01(13)(a), Florida Statutes (1993), states as follows:
(a) [t]he Department of Corrections shall develop and administer a drug offender probation program which emphasizes a combination of treatment and intensive community supervision approaches and which includes provision for supervision of offenders in accordance with a specific treatment plan. The program may include the use of graduated sanctions consistent with the conditions imposed by the court. Drug offender probation status shall include surveillance and random drug testing, and may include those measures normally associated with community control, except that specific treatment conditions and other treatment approaches necessary *693 to monitor this population may be ordered.
(Emphasis added).
Under article II, section 3 of the Florida Constitution, the nondelegation doctrine, it is mandated that:
The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.
The crucial test in determining whether a statute amounts to an unlawful delegation of legislative power is whether the statute contains sufficient standards or guidelines to enable the agency and the courts to determine whether the agency is carrying out the legislative intent. Department of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815, 819 (Fla.1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984). The specificity of standards and guidelines required from the legislature depends on the subject matter dealt with and the degree of difficulty involved in articulating finite standards. Apalachee Regional Planning Council v. Brown, 546 So.2d 451, 453 (Fla. 1st DCA 1989), approved by, 560 So.2d 782 (Fla.1990). If the subject matter requires the expertise and flexibility of the agency to deal with complex and fluid conditions, the legislature will not be required to draft more detailed or specific legislation. Id. Thus, statutes are not unlawful delegations of legislative power when the power sought to be exercised under their auspices is simply a technical issue of implementation and not a fundamental policy decision. Id.; Southeast Volusia Hosp. Dist., 438 So.2d at 820.
As the supreme court in Southeast Volusia Hospital District explained:
A statute is not unconstitutional simply because it is subject to differing interpretations. The administrative construction of a statute by the agency charged with its administration is entitled to great weight. We will not overturn an agency's interpretation unless clearly erroneous. State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823, 828 (Fla.1973). In addition, when an interpretation upholding the constitutionality of a statute is available to this Court, we must adopt that construction. Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981, 988 (Fla.1981); Leeman v. State, 357 So.2d 703, 705 (Fla.1978).
438 So.2d at 820.
Under the nondelegation doctrine, the legislature may validly delegate to agency officials the authority to promulgate subordinate rules within proscribed limits and to determine the facts to which established policies of legislation are to apply so long as the agency is not delegated authority to determine what the law shall be. D.P. v. State, 597 So.2d 952, 954 (Fla. 1st DCA 1992)(citing In re Advisory Opinion to the Governor, 509 So.2d 292, 311 (Fla.1987)), disapproved of on other grounds, B.H. v. State, 645 So.2d 987 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 2559, 132 L.Ed.2d 812 (1995). See generally Florida East Coast Indus. Inc. v. State, Dep't of Community Affairs, 677 So.2d 357, 361 (Fla. 1st DCA 1996)(Although the legislature must establish adequate standards and guidelines in delegating duties to an agency, it may not always be practical or desirable to draft detailed or specific legislation. In that situation, the legislature may transfer subordinate functions to an agency and allow it to administer legislative policy since the agency possesses the expertise and flexibility to deal with complex and fluid conditions.).
In the case at bar, the Department of Corrections is implementing that which the legislature has specifically delegated. The statute sets forth parameters as a guide for the Department of Correction's development and implementation of a drug offender probation program. Section 948.01(13) provides that the program may include the use of graduated sanctions, that the drug offender probation shall include surveillance and random drug testing and that the program may include the measures normally associated with community control.
Although there may be differing interpretations of this statute, there is a sufficient basis in which this court may uphold the constitutionality of this statute and conclude that there has not been an unlawful delegation of legislative authority. See Southeast *694 Volusia Hosp. Dist., supra. Accordingly, we reject appellant's constitutional challenge of section 948.01(13)(a).
Finally, appellant contends that the trial court erred by ordering him to pay costs of prosecution. At the sentencing hearing, the trial court ordered appellant to pay $200 for the costs of prosecution over defense counsel's objection.
Pursuant to subsection 939.01(1), Florida Statutes (1993), the trial court is to include and enter in the judgment the costs of prosecution (including investigative costs). However, subsection 939.01(5) mandates that:
[t]he court, in determining whether to order costs and the amount of such costs, shall consider the amount of the costs incurred, the financial resources of the defendant, the financial needs and earning ability of the defendant, and such other factors which it deems appropriate.
(Emphasis added).
Where appellant has objected to the proper amount of costs to be ordered, section 939.01(6), Florida Statutes, requires the matter to be resolved by the court by a preponderance of the evidence. The State bears the burden of demonstrating the amount of costs incurred, while the defendant must demonstrate his financial resources and financial needs. § 939.01(6), Fla. Stat. (1993). See Pickrel v. State, 609 So.2d 65 (Fla. 4th DCA 1992).
In this case the record shows that the appellee did not sustain its burden of demonstrating the costs incurred, and the trial court did not determine appellant's ability to pay prior to the imposition of costs. We accordingly strike the imposition of costs from the special conditions of probation.
Affirm in part; remand with directions to strike conditions (10), (12) and (13) and to clarify the sentencing order to resolve conflict between the written order and oral pronouncement.
PARIENTE and STEVENSON, JJ., concur.