SHAHOOD, Judge.
We affirm appellant’s judgment and conviction, but remand to the trial court with directions to strike certain portions of the probation order.
Appellant raises three issues in this appeal. First, he argues that the trial court erred by increasing his sentence in violation of the double jeopardy clause of the United States Constitution. Under the circumstances, we find no merit on this point and affirm. See Van Buren v. State, 500 So.2d 732 (Fla. 2d DCA 1987).
Appellant next argues that the written conditions of probation requiring him to submit to random urinalysis, breath and blood testing at his own expense must be stricken as they were never orally imposed by the trial court at sentencing. We agree and remand to the trial with directions to strike condition (B), which requires appellant to pay for random drug testing. See Sanford v. State, 684 So.2d 269 (Fla. 4th DCA 1996); Fernandez v. State, 677 So.2d 332 (Fla. 4th DCA 1996), review dismissed, No. 88,340, 683 So.2d 485 (Fla. Oct. 24,1996). Similarly, conditions (A), (C), (D) and (E), which require appellant to observe a curfew, report *880 daily to his probation officer if not employed, undergo substance abuse treatment as directed by his probation officer and enter a drug awareness course, are also special conditions of probation which must be orally pronounced. See Ealy v. State, 681 So.2d 914 (Fla. 4th DCA 1996). Because these conditions were not orally pronounced, they must be stricken. See Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996).
As his third point on appeal, appellant challenges the constitutionality of section 948.01(13)(a), Florida Statutes (1993). Appellant argues specifically that the drug offender probation statute is an unconstitutional delegation of legislative authority to an administrative agency. Based on Tory, we reject this argument and affirm on this issue.
AFFIRMED; REMANDED WITH DIRECTIONS.
PARIENTE and STEVENSON, JJ., concur.