HARRIS, J.,
dissenting.
I respectfully dissent.
After pleading to battery on a law enforcement officer, resisting arrest without violence, and possession of less than 20 grams of cannabis, a Quarterman agreement permitted the defendant to remain at liberty on an unsecured security bond until sentencing. Before accepting release under the terms of the Quarterman agreement, the following dialogue took place:
THE COURT: Sir, I understand you also want to be released pending your sentencing?
THE DEFENDANT: Yes, your Honor.
THE COURT: Do you know what the total prison time is that you face if you don’t show up for sentencing, sir?
THE DEFENDANT: Yes, sir. I want to avoid that at all costs.
THE COURT: Yes. But if you don’t show up for sentencing and you break these conditions of your release, do you know what the penalties are?
THE DEFENDANT: Yes, I do, sir.
The defendant then acknowledged that his sentence could be five years in prison for the third-degree felony and one year in the county jail for each misdemeanor. Jowett does not contend on appeal that he was unaware that a violation of the terms of his continued release could be a basis for an enhanced sentence.
At sentencing, after it was determined that defendant in fact breached the condition of his Quarterman release by driving while under the influence, the trial judge departed upward from the guidelines and stated: “I have departed upward from the guideline sentence because you failed to comply with the terms of our agreement by having a new violation.” When the trial judge ultimately entered his judgment, however, it contained an improper (and unannounced) reason for the departure: “1985 fraud”.
The issue before us is whether this stated invalid reason, apparently a scrivener’s error, now forfeits the court’s ability to enforce the provision of the Quarterman agreement which, the record clearly reflects, was his intent at sentencing. I suggest that since no written reason at all is required when the departure is based on a plea agreement (and I would construe a Quarterman agreement as a part of the plea agreement) which is established in the record, then an invalid written reason which is in conflict with the court’s stated lawful reason at sentencing, while creating an ambiguity, should not prevent the trial court, on remand, from resolving the ambiguity and entering his intended sentence. Young v. State, 695 So.2d 506 (Fla. 5th DCA 1997); Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996).