749 So.2d 550 (2000)
Ernestor ENCHAUTEGUI, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-03837, 98-03921.
District Court of Appeal of Florida, Second District.
January 7, 2000.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Acting Chief Judge.
Ernestor Enchautegui appeals his judgments and sentences in several cases. We affirm his judgments without discussion. However, we reverse his sentences in four cases because the written sentencing orders do not conform to the trial court's oral pronouncement.
The transcript of the sentencing hearing reflects that the trial court sentenced Enchautegui to four years in prison as a habitual offender in case numbers 96-2463F, 96-2464F, 96-2465F, and 96-2466F. The sentences are to be served concurrently. However, the written sentencing orders reflect that Enchautegui was sentenced to 40 years in prison as a habitual offender for the above four cases. The State argues that the trial court orally pronounced sentences of 40 years in prison and that the discrepancy is the result of an error by the court reporter.
An oral pronouncement will most certainly prevail when the State concedes that the written sentence is in error. See Tory v. State, 686 So.2d 689 (Fla. 4th DCA *551 1996). However, where the State does not concede such error, a conflict between the oral pronouncement and the written order requires a factual resolution by the trial court. Id. Here, the State does not concede error. Therefore, this cause must be remanded to the trial court to clarify the sentences imposed and to enter such corrected sentencing orders as may be appropriate. See Manual v. State, 547 So.2d 726 (Fla. 2d DCA 1989) (holding that where the written judgment and sentence do not conform to the oral pronouncement, on remand, the State may attempt to establish that the error was caused by the court reporter). Enchautegui's judgments and sentences are otherwise affirmed.
Affirmed in part; remanded with directions to resolve conflict between the written sentencing orders and the oral pronouncement in case numbers 96-2463F, 96-2464F, 96-2465F, and 96-2466F.
NORTHCUTT and GREEN, JJ., Concur.