SALCINES, Judge.
The public defender brings this Anders[1] appeal on behalf of James Davis. We affirm the convictions, but agree that Davis’ sentences require correction and remand for resentencing.
Davis entered into a written open plea agreement in which he pleaded no contest to the charge of felon in possession of a concealed weapon. At the time of the commission of the new offense, Davis was serving three concurrent terms of probation. As part of the plea agreement, Davis *103 admitted to violating his probation in these cases. When the trial court imposed the sentences for the new offense and for the violations of probation it orally announced that all the sentences were to be served concurrently. The sentencing documents do not comport with this oral pronouncement. The State concedes error and does not object to the sentences being corrected.
As discussed in Enchautegui v. State, 749 So.2d 550 (Fla. 2d DCA 2000), an oral pronouncement prevails without further factual resolution by the trial court when the State concedes that the written sentence is in error. See Hayden v. State, 753 So.2d 720 (Fla. 2d DCA 2000). Accordingly, we remand for correction of the written sentencing documents to indicate that the sentences in cases 98-3161F, 95-2423F(B), 95-2424F(B), and 95-2443F are to be served concurrently. In all other respects the judgments and sentences are affirmed.
Affirmed in part and remanded for correction of sentences.
CAMPBELL, A.C.J., and BLUE, J., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).