DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KATHLEEN MAIER COELLO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-1699

[April 10, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562019CF000911A.

Michael Robert Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges her sentence for DUI manslaughter involving two victims.[1] She contends that the court modified her sentence after she began serving it, a double jeopardy violation. We disagree. The trial court merely corrected and clarified inconsistencies in the original sentencing pronouncements. No double jeopardy violation occurred. We thus affirm.

At the sentencing hearing, the trial court was less than clear about what sentence was being imposed. At one point, the court sentenced appellant on count three to 330 months with 48 months minimum mandatory. On count four, which is the disputed sentence, the court appears to have sentenced appellant to sixty months with forty-eight months consecutive. However, at another point, the court said that the sixty months would be concurrent with forty-eight months consecutive, because the charges involved two victims. Yet at another point, when the prosecutor asked if the total sentence was for 378 months, the court said

---

[1] Count three was for DUI manslaughter/leaving the scene for one of the victims and count four was for DUI manslaughter/leaving the scene for the other victim.

"no." The court also imposed twenty years of probation on count four to be consecutive. Following the sentencing hearing, appellant was taken to jail and thus began to serve her sentence. The day after the hearing, and before the written sentence was entered, appellant prematurely filed her appeal.[2]

A few days later, the judge called counsel back and said that he was not changing "anything," announcing that on count four, appellant would serve forty-eight months, mandatory minimum and consecutive to count three, not a sixty-month sentence, with twenty years' probation thereafter. The court explained that the sentence was simpler this way with the forty-eight-month mandatory minimum consecutive to count three, rather than to have the sixty-month sentence on count four.

Appellant moved to correct the sentence, claiming that the orally pronounced sentence at the first sentencing hearing was for 330 months, with 48 months minimum mandatory, for count three, and 60 months on count four to run concurrent with count three. Thus, the modified sentence violated double jeopardy. Because the court did not rule within sixty days, the motion is deemed denied pursuant to Florida Rule of Criminal Procedure 3.800(b)(2)(B). Appellant now challenges the sentence in this appeal.

"Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." *Ashley v. State*, 850 So. 2d 1265, 1267 (Fla. 2003). "To do so is a clear violation of the Double Jeopardy Clause, which prohibits multiple punishment for the same offense." *Id.* "[S]ubsequent imposition of new conditions or terms to a sentence or order of probation violates the constitutional protection against double jeopardy." *Id.* at 1268. "An order of probation, like any other aspect of sentencing, ought

---

[2] Florida Rule of Appellate Procedure 9.140(3) states: "The defendant must file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a *written order* imposing sentence." *Id.* (emphasis supplied). No final judgment or written order imposing sentence had been rendered when appellant filed her appeal. Thus, contrary to appellant's argument, the trial court did not lose jurisdiction to render the revised and clarified sentence. *See* Florida Rule of Appellate Procedure 9.110(l) (emphasis supplied) ("Except as provided in rule 9.020(h), if a notice of appeal is filed before rendition of a final order, the appeal will be subject to dismissal as premature. *However, the lower tribunal retains jurisdiction to render a final order,* and if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal will vest jurisdiction in the court to review the final order.").

not to be a work in progress that the trial court can add to or subtract from at will so long as he or she brings the defendant back in and informs the defendant of the changes. To permit this would mean a lack of finality . . . ." *Id.* (emphasis supplied) (quoting *Justice v. State*, 674 So. 2d 123, 126 (Fla. 1996)).

In this case, however, the trial court's pronouncements at the original sentencing hearing were unclear and inconsistent. We do not agree with appellant that the court clearly pronounced a sentence of 330 months with 48 minimum mandatory on count three, and 60 months *concurrent* on count four. Instead, it appears to us, that the court always intended forty-eight months on count four to be consecutive to count three, because there were two manslaughter victims. The question was whether count four would carry an entire sixty-month sentence, which the court may have originally expected to be part concurrent and part consecutive. The court ultimately imposed only a forty-eight-month mandatory minimum consecutive sentence for count two.

In *Tory v. State*, 686 So. 2d 689 (Fla. 4th DCA 1996), the trial court made inconsistent statements at the defendant's sentencing, and on appeal, the State and the defendant disagreed on the sentence. *Id.* at 691. To resolve the conflict, we noted, "given appellant's differing interpretation as to the trial court's intention, the oral pronouncement is ambiguous and does not provide a guide in which to reconcile the oral pronouncement with the written order." *Id.* We then remanded the case for clarification of the sentence, holding that "[w]here the record demonstrates that during the oral pronouncement of sentence, the trial judge made inconsistent statements, the matter must be remanded to the trial court to clarify the sentence imposed and to enter such corrected sentencing orders as may be appropriate." *Id.*; *see also Newton v. State*, 603 So. 2d 558, 562 (Fla. 4th DCA 1992) ("[W]e conclude that the trial court made inconsistent statements regarding its intent to impose consecutive or concurrent sentences. On the authority of *Gates v. State*, 535 So. 2d 359 (Fla. 4th DCA 1989), we remand this cause to the trial court with directions to clarify the sentences imposed and to enter such corrected sentencing orders as may be appropriate.").

Here, the trial court originally made inconsistent statements as to whether the sentence for count four was to be consecutive or concurrent with count three. The court then corrected the sentence and confirmed that count four's sentence was consecutive to count three's sentence, and actually reduced count four's sentence to only the mandatory minimum. If the trial court had not clarified the sentence, we would have reversed

based upon *Tory*. However, the court clarified the sentence, and thus no remand is necessary to establish the sentence.

## Conclusion

After conducting a confusing sentencing hearing, during which the court made inconsistent statements as to the sentence being imposed, the court properly clarified the sentence at the second hearing. *See Tory*, 686 So. 2d at 691. No double jeopardy violation occurred. We affirm.

*Affirmed.*

LEVINE and ARTAU, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***