592 So.2d 767 (1992)
Christopher TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02839.
District Court of Appeal of Florida, Second District.
January 22, 1992.
James Marion Moorman, Public Defender, Bartow, and Wendy E. Friedberg, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Leslie Schreiber, Asst. Atty. Gen., Miami, for appellee.
THREADGILL, Judge.
Christopher Tillman appeals his sentences upon revocation of his probation for robbery[1] and aggravated assault.[2] He contends that the guidelines were calculated incorrectly and that certain conditions of his probation are invalid. We agree and reverse.
Following revocation of probation, the appellant was sentenced for robbery to twenty-seven years in prison followed by fifteen years' probation. For aggravated assault, he was sentenced to five years' probation to run concurrent with the probation for robbery.
The appellant challenges the computation of the guidelines scoresheet on three grounds, which are conceded by the state. First, the trial court erred in using a scoresheet for a first-degree felony punishable by life. Neither the information nor the *768 factual basis for the appellant's plea indicated that the appellant had used a deadly weapon during the robbery. On the contrary, the appellant was charged and convicted for robbery with a weapon which is a first-degree felony punishable by a prison term not exceeding thirty years. Sections 812.13(2)(b) and 775.082(3)(b), Fla. Stat. (1987).
Second, the trial court erred in using a new scoresheet in sentencing the appellant upon revocation of his probation. See Harris v. State, 574 So.2d 1211 (Fla. 2d DCA), dism., State v. Harris, 581 So.2d 1310 (Fla. 1991). It contained points for prior offenses which were not on the original scoresheet.
Lastly, the trial court erred in adding points on the scoresheet for legal constraint. Points for legal constraint may only be added if the appellant is under legal constraint at the time he commits the offense for which he is being sentenced. Burkhalter v. State, 578 So.2d 345 (Fla. 1st DCA 1991). The appellant was not under legal constraint at the time of the original offenses of robbery and aggravated assault, and it was therefore error to add points for this reason.
The appellant also challenges the following conditions of his probation on the ground that they must be stricken because they were not pronounced in open court. See Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989):
6. You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
11. Visit no bars, restaurants, or any place where alcoholic beverages are served without permission from the probation officer, after consent from the judge.
18. Random drug screening as probation officer deems necessary.
21. You are not to be within three (3) blocks of known high drug areas as determined by your probation or community control officer.
22. You will undergo drug and/or alcohol treatment as probation officer or community control officer deems necessary.
As the record reflects that none of these conditions was pronounced in open court, the written order should ordinarily be conformed to delete them. See id. This is true in the appellant's case with one exception, the condition for random drug screening.
Section 948.03(1)(j), Florida Statutes (Supp. 1988) authorizes the imposition of this condition in every case. This statute has been held to provide constructive notice of the condition which together with the opportunity to be heard and raise any objections at a sentencing hearing satisfies the requirements of procedural due process. Hayes v. State, 585 So.2d 397 (Fla. 1st DCA 1991). Thus, we find that the condition of random drug testing is properly contained within the written order. We therefore reverse the written order of probation and remand for deletion of all of the challenged conditions except the standard condition for random drug testing.
Reversed and remanded for resentencing.
FRANK, A.C.J., and PARKER, J., concur.
NOTES
[1] Sections 812.13(1) and (2)(b), Fla. Stat. (1987).
[2] Section 784.021, Fla. Stat. (1987).