PER CURIAM.
Mr. Astolfo appeals sentences imposed on revocation of probation. He objects to several conditions of his probation as well as to the trial court’s refusal to grant him certain credit for jail time he has served. We affirm the trial court’s denial of credit for jail time served. As in State v. Tripp, 591 So.2d 1055 (Fla. 2d DCA 1991), the defendant’s prior incarceration *315 was imposed on only one of several offenses that were subject to sentencing at the same hearing. The incarceration on violation of probation has been imposed on one of the other offenses. Thus, credit for time served is not available.
We reverse the written order of probation because conditions 6, 11, 16, 21, and 22 were not orally pronounced at the sentencing hearing. Williams v. State, 542 So.2d 479 (Fla. 2d DCA 1989). On remand, the written order of probation must be corrected to conform to the oral pronouncement at sentencing. The defendant also challenges the condition which requires him to submit to random drug screening; however, on remand the trial court may reimpose that condition because it is a proper statutory condition of his probation. Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).
Affirmed in part and reversed in part.
HALL, A.C.J., and PATTERSON and ALTENBERNED, JJ., concur.