616 So.2d 1158 (1993)
Bruce V. CRAWFORD a/k/a Bruce B. Crawford, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02347.
District Court of Appeal of Florida, Second District.
April 14, 1993.
*1159 James Marion Moorman, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Bruce Crawford seeks review of his judgment, sentence, and order of probation. He raises three issues on appeal, two of which have merit; therefore, we reverse and remand for resentencing.
Crawford was sentenced as a habitual felony offender to fifteen years' incarceration on count one (delivery of cocaine), five years' concurrent on count two (possession of cocaine), to be followed by fifteen years' probation on count three (delivery of cocaine), and a concurrent probationary term of five years on count four (possession of cocaine). First, Crawford argues that his habitual offender sentence must be reversed because it is not clear that the trial court knew that sentencing under the habitual offender statute is permissive. Because the trial court did not have the benefit of the supreme court's opinion in Burdick v. State, 594 So.2d 267 (Fla. 1992), which held that habitual offender sentencing is permissive, we reverse and remand Crawford's habitual offender sentence in order for the trial court to resentence Crawford in light of Burdick.
Second, Crawford argues that the trial court erred because it failed to find by *1160 a preponderance of the evidence that the qualifying offenses necessary to sentence him as a habitual offender had not been pardoned or set aside. Because the evidence of convictions was unrebutted and Crawford does not assert now that his prior convictions were pardoned or set aside, any failure by the trial court to make specific findings is harmless. See State v. Rucker, 613 So.2d 460 (Fla. 1993).
Third, Crawford challenges conditions (4), (6), (7), special condition (10), and the assessment of attorney's fees. Condition (4) was an improper condition because a convicted felon may not lawfully possess a firearm. Mercer v. State, 604 So.2d 843 (Fla.2d DCA 1992). Condition (6), regarding the use of intoxicants, drugs, or dangerous substances, or visiting places where they are unlawfully sold, dispensed, or used; and special condition (10), regarding drug evaluation and treatment within thirty days of release from prison, are improper because the conditions were were not pronounced orally at sentencing. See Carter v. State, 606 So.2d 680, 681 (Fla.2d DCA 1992). We, accordingly, strike conditions (4) and (6) and special condition (10) without prejudice for the trial court to reimpose conditions (6) and (10) upon oral pronouncement.
Crawford's challenge to condition (7), regarding working diligently at a lawful occupation and supporting any dependents to the best of his ability, is without merit. Crawford was given constructive notice of this condition pursuant to section 948.03(1)(c) and (f), Florida Statutes (1989). See Tillman v. State, 592 So.2d 767 (Fla.2d DCA 1992).
Finally, the court erred by failing to give Crawford notice and the opportunity to be heard before assessing attorney's fees. See Williams v. State, 556 So.2d 480 (Fla.2d DCA 1990); § 27.56, Fla. Stat. (1989). We, therefore, strike the imposition of fees without prejudice to the trial court to reimpose after notice and opportunity to be heard.
Reversed and remanded for resentencing.
FRANK, A.C.J., and BLUE, J., concur.