646 So.2d 762 (1994)
Gary Leroy NANK, Appellant
v.
STATE of Florida, Appellee.
No. 93-02215.
District Court of Appeal of Florida, Second District.
November 4, 1994.
Rehearing Denied December 8, 1994.
*763 James Marion Moorman, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
Gary Nank appeals his judgments and sentences for four counts of sexual activity with a child[1] imposed following pleas of guilty. His appellate counsel filed an Anders[2] brief. Nank then filed a supplemental brief. Thus, consistent with our obligation under State v. Causey, 503 So.2d 321 (Fla. 1987), we have closely examined the record in light of the numerous challenges he raises pro se to his sentences. We find merit only in Nank's argument that some of the conditions of the probation that follows his prison sentence were improperly imposed. Accordingly, we reverse and remand for further proceedings. In doing so, we reiterate the basic law governing the imposition of general and special conditions of probation in the hope that such a restatement will bring clarity to an area of the law that continues to spawn unnecessary appellate review.
It is well settled in this state that a condition of probation which is statutorily authorized[3] may be included in a written order of probation even if not orally pronounced at sentencing. E.g., Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992). The legal underpinning for this rationale is that the statute provides "constructive notice of the condition which together with the opportunity to be heard and raise any objections at a sentencing hearing satisfies the requirements of procedural due process." Tillman v. State, 592 So.2d 767, 768 (Fla. 2d DCA 1992).
With regard to a special condition not statutorily authorized, however, the law requires that it be pronounced orally at sentencing before it can be included in the written probation order. Cumbie, 597 So.2d 946. Such "[c]onditions not pronounced orally must be struck." George v. State, 624 So.2d 824 (Fla. 2d DCA 1993). Additionally, in order to satisfy the minimum requirements of due process, a trial court must sufficiently apprise the defendant of the "substance of each special condition" so that the defendant has the opportunity to object "to any condition which the defendant believes is inappropriate." Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992) (en banc).
If an objection is lodged, a special condition will later be held invalid as not reasonably related to rehabilitation "if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." Rodriquez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979), approved, Biller v. State, 618 So.2d 734 (Fla. 1993). As noted in Biller, "[w]hile the judge need not make a finding, a special condition of probation, when challenged on grounds of relevancy, will only be upheld if the record supports at least one of the circumstances outlined in Rodriquez." 618 So.2d at 735.[4]
With these basic principles in mind, we focus on the disputed conditions of the written *764 probation order which were not pronounced at Nank's sentencing.
Condition six prohibited Nank from using "intoxicants to excess" and from visiting "places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used." We have recently held that prohibiting a defendant from using intoxicants to excess is a special condition which must be pronounced at sentencing. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Thus, this aspect of condition six must be stricken. Moreover, we find nothing in the record to support the imposition of this condition as being reasonably related to Nank's rehabilitation as required by Rodriquez.
We also held in Tomlinson, however, that a restriction prohibiting a defendant "from visiting places where certain substances are unlawfully sold, dispensed or used" was appropriate as constituting a more precise definition of the general condition of probation authorized by section 948.03(1)(i), Florida Statutes (1991), which prohibits association "with persons engaged in criminal activities." 645 So.2d at 1 (emphasis in original). Thus, we concluded that such a restriction was "a general condition that is valid and need not have been pronounced in open court, an argument that was not presented to us in Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993)." 645 So.2d at 1. Accordingly, as in Tomlinson, we approve this aspect of condition six.
Condition thirteen ordered Nank to submit, at his own expense, to a drug and alcohol evaluation. He was also ordered to pay for any needed treatment in the event it was determined he had a substance abuse problem. We have held that such a requirement constitutes a special condition of probation which must be orally pronounced. Crawford v. State, 616 So.2d 1158 (Fla. 2d DCA 1993); Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).[5]Contra Navarre v. State, 608 So.2d 525, 528 (Fla. 1st DCA 1992) (requirement that defendant receive drug evaluation and screening and any necessary treatment "is a standard condition of probation that can be imposed on any probationer, irrespective of whether it reasonably relates to the type of offense. See section 948.03(1)(j), Florida Statutes (1988 Supp.); ... ."). Thus, consistent with our precedent, we direct that this condition be stricken and we certify conflict with Navarre. Moreover, we conclude again that there are no circumstances in the record supporting such a condition under the relevancy test of Rodriquez.
Finally, we address conditions nine, fourteen, and fifteen which require Nank, respectively, to pay a sum of money to an organization known as First Step, Inc., $300.00 in "court costs", and $305.00 as a lien for "statutory costs." Neither the probation order nor the judgments contain any reference to the statutory basis for these costs. Although we have held that the law permits the imposition of statutorily mandated court costs without notice to a defendant, nevertheless, "the record must contain a citation to the proper statutory authority supporting the assessment of such costs." Sutton v. State, 635 So.2d 1032, 1033 (Fla. 2d DCA 1994). See also Williams v. State, 596 So.2d 758 (Fla. 2d DCA 1992) (court lacks power to impose costs in criminal case unless specifically authorized by statute). Thus, as in Sutton, these costs must be stricken but without prejudice to the state seeking their reimposition on remand based on proper statutory authority.
Accordingly, we affirm Nank's sentences but reverse the imposition of the special conditions of probation which were unlawfully imposed. On remand, the trial court shall strike these conditions from the written order of probation. The state, however, shall have the opportunity to seek reimposition of costs specifically authorized by law.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and PARKER, J., concur.
NOTES
[1] § 794.041(2)(b), Fla. Stat. (1991).
[2] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[3] See, e.g., § 948.03, Fla. Stat. (1991).
[4] The court also noted in Biller, however, that the requirements of Rodriquez are not applicable to the "many general conditions imposed upon most, if not all, probationers which are broadly directed toward supervision and rehabilitation." 618 So.2d at 735 n. 1 (emphasis added).
[5] We also note that requiring a defendant to pay for such services constitutes a separate special condition and must be pronounced at sentencing. See Catholic v. State, 632 So.2d 272 (Fla. 4th DCA 1994).