WHATLEY, Judge.
Elston Ashton Nisbett appeals his convictions and sentences for robbery with a firearm, robbery, and aggravated assault with a firearm. We affirm his conviction without discussion; however, we remand for resen-tencing and strike certain conditions of Nis-bett’s probation.
First, at the sentencing hearing, the trial court orally pronounced that a probationary term is only imposed on the robbery convictions. However, the written sentencing order reflects that probation is imposed on all of Nisbett’s convictions. A written sentencing order must comport with a trial court’s oral pronouncement at sentencing. Stark v. State, 650 So.2d 697 (Fla. 2d DCA 1995). Therefore, this case is remanded to conform the written sentencing order to the trial court’s oral pronouncement.
Second, the trial court improperly imposed two special conditions of probation without announcing these conditions at sentencing. This was error. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). We affirm condition four insofar as it prohibits the ownership or possession of a firearm, but strike the portion of condition four which implies that Nisbett’s probation officer may consent to Nisbett’s possession of a firearm. In addition, we strike condition seven relating to excessive use of intoxicants and drugs not prescribed by a physician because it was not pronounced at sentencing.
Accordingly, we affirm the convictions, but strike certain probation conditions imposed by the trial court and remand the case for the trial court to conform the written sen- *814 teneing order to the orally pronounced sentences.
THREADGILL, C.J., and BLUE, J., concur.