669 So.2d 1140 (1996)
Warren DEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0374.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
*1141 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. Ash, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
We affirm defendant's conviction but strike the special conditions of probation, other than the condition that defendant submit to random drug testing, because the other special conditions were neither orally pronounced at sentencing, statutorily authorized, nor included within the general conditions of the form order of probation promulgated by our supreme court. See State v. Hart, 668 So.2d 589 (Fla.1996).
Defendant was placed on drug offender probation. The special conditions of probation required defendant to: (I) attend and successfully complete a rehabilitation program; (II) submit to drug evaluation and treatment; (III) submit to random urinalysis, breathalyzer or blood testing at his probation officer's request and pay for such tests; and (IV) not use or possess alcoholic beverages for any purpose.
At the time of sentencing in January 1995, the trial court stated: "I will withhold adjudication, place you on a day's probation on the possession of paraphernalia and two years probation, drug offender, on this previous charge." The state contends that this statement at the time of sentencing placing defendant on drug offender probation also put him on constructive notice of the special conditions imposed. We do not agree.
Section 948.001(4), Florida Statutes (1995), which defines drug offender probation, emphasizes "individualized treatment plans" and does not reference any special conditions of probation.[1] Section 948.01(13)(a), Florida Statutes (1995), which governs the placement of a defendant on drug offender probation, does not set forth any specific terms and conditions of drug offender probation except for stating that "[d]rug offender probation status shall include surveillance and random drug testing." In fact, that section specifically states that "specific treatment conditions and other treatment approaches necessary to monitor this population may be ordered" by the sentencing court.
If defendant had been sentenced to a community residential drug punishment center pursuant to section 948.034(1)(a), Florida Statutes (1995), Conditions I, II and III would have been part of the statutory conditions of probation. However, defendant was not sentenced pursuant to that statute. Section 948.03, Florida Statutes (1995), which enumerates the terms and conditions of probation for all forms of probation, authorizes the trial court to impose random testing, but does not provide for a defendant to be financially responsible for the testing. See § 948.03(1)(k)1.
Conditions I, II and IV, which require successful completion of a rehabilitation program, submission to drug evaluation and treatment, and total abstinence from alcohol, are not merely more precise definitions of the statutorily-authorized conditions sufficient to put a defendant on constructive notice. See Nank v. State, 646 So.2d 762 (Fla. *1142 2d DCA 1994); Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). These conditions vary significantly from a condition prohibiting a defendant from visiting places where controlled substances are unlawfully sold, which has been interpreted as a clarification of section 948.03(1)(j)[2] providing that an offender may "[n]ot associate with persons engaged in criminal activities." See Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
The state alternatively argues that the form probation order used by Broward County gives a defendant sufficient notice of the special conditions of probation to make oral pronouncements by the court unnecessary. The conditions imposed here are not even part of the general conditions, 1-11, of probation promulgated by our supreme court and also vary in some respects from the special conditions listed in the supreme court's form order as conditions which can be checked off or filled in. See Hart; In re Amendments to the Florida Rules of Criminal ProcedureRules 3.140 and 3.986, 603 So.2d 1144 (Fla.1992). For example, general condition 7 of the supreme court's form order states "you will not use intoxicants to excess," whereas, the special condition imposed here within the special conditions of the Broward County form order provides that defendant "not use or possess alcoholic beverages for any purpose."
Finally, the state argues that defendant was given sufficient notice of the special conditions because the terms and conditions were explained to him by the in-court probation officer. Assuming arguendo that an in-court explanation at the time of sentencing by the probation officer could be an adequate substitute for the court's oral pronouncement at the time of sentencing, there is no evidence of such explanation on the record in this case. See Hart, 668 So.2d at 592 n. 4 (citing Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992) (on rehearing en banc)). This explanation is necessary for due process reasons and because a defendant must make a contemporaneous objection to probation conditions at the time of sentencing. See id. at 591 (citing Olvey).
Accordingly, we strike conditions I, II, and IV, and that portion of condition III requiring defendant to pay for the cost of random drug testing.
WARNER and POLEN, JJ., concur.
NOTES
[1] We note that the Broward County form order of probation erroneously cites to "Chapter 948.001(3) F.S." for drug offender probation. This section now contains the statutory definition for Criminal Quarantine Community Control, although this was the correct citation for drug offender probation in the 1991 Florida Statutes, see § 948.001(3), Fla.Stat. (1991), until that section was amended as of October 1, 1993. See Ch. 93-227, § 13, at 2351, Laws of Fla.
[2] Prior to being renumbered effective July 1, 1994, this section was designated section 948.03(1)(i). See Ch. 94-294, § 1, at 2055, Laws of Fla.