SHAHOOD, Judge.
We affirm appellant’s judgment and conviction on the charge of delivery of cocaine and possession of cocaine but strike that portion of the order of probation requiring appellant to pay costs of random testing as it was not orally pronounced at sentencing.
Appellant’s order of probation states in pertinent part as follows:
5. You will submit to urinalysis, breathalyzer or blood tests at any time requested by your officer or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances. You shall be required to pay for such tests unless otherwise waived by your officer. (Once a month)[in handwriting].
(Emphasis added).
At sentencing, the trial court failed to orally pronounce the requirement that appellant was to pay for drug testing. Further, this condition is not a condition approved in rule 3.986, Florida Rules of Criminal Procedure (1995). Therefore, the condition must be orally pronounced at sentencing.
This court, in Fernandez v. State, 677 So.2d 332, 333 (Fla. 4th DCA 1996), struck that portion of the condition of probation requiring the defendant to pay costs of random testing. In finding it to be improper, the court explained that:
While section 948.03, which enumerates the terms and conditions of probation for all forms of probation, authorizes a trial court to impose random testing, the statute does not specifically provide for a defendant to be financially responsible for the testing. See § 948.03(l)(k)l; Dean. For this reason the requirement that defendant pay the cost of testing as a condition of probation must be stricken because it was not orally pronounced. Dean v. State, 669 So.2d 1140 (Fla. 4th DCA 1996); Catholic v. State, 632 So.2d 272 (Fla. 4th DCA 1994).
677 So.2d at 333-34; see also Dean v. State, 669 So.2d 1140 (Fla. 4th DCA 1996); Catholic v. State, 632 So.2d 272 (Fla. 4th DCA 1994).
Affirmed in part; reversed in part.
GLICKSTEIN and DELL, JJ., concur.