687 So.2d 35 (1997)
Edmond A. WELBORN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3005.
District Court of Appeal of Florida, Fourth District.
January 15, 1997.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Edmond Welborn, entered a plea of nolo contendere to possession of cocaine with intent to distribute, possession of marijuana with intent to distribute and use or possession of drug paraphernalia. He was sentenced to 90 days in the county jail and *36 placed on drug offender probation for two (2) years in counts I and II and for nine (9) months in count III. Further, the court reserved jurisdiction as to the issue of costs of prosecution and without objection by Welborn, entered judgment for statutory costs in the amount of $255. On appeal, Welborn contends that the conditions of drug offender probation imposed were not orally pronounced and should be stricken, and that section 948.01(13)(a), Florida Statutes (1993), establishing drug offender probation, is an unconstitutional delegation of legislative authority to an administrative agency.
We reject Welborn's argument that conditions which pertain to "probation" and "community control" do not apply to "drug offender probation." See Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996); Mosley v. State, 677 So.2d 27 (Fla. 4th DCA 1996). Thus, we find that conditions (1) through (8) are statutorily imposed conditions and are contained in Florida Rule of Criminal Procedure 3.986(e). These conditions need not be orally pronounced. See State v. Hart, 668 So.2d 589 (Fla.1996). However, we find that conditions (9), (11), and (12), which are neither statutorily imposed nor listed in rule 3.986(e), are special conditions which must be orally pronounced. Accordingly, we reverse Welborn's sentence and remand to the trial court to strike said conditions.
As to condition (14), requiring Welborn to pay $255 in statutory costs, we find that appellant failed to preserve this issue. Although given notice and an opportunity to be heard, Welborn did not object. Accordingly, he may not raise this issue on appeal. See Norman v. State, 676 So.2d 7 (Fla. 4th DCA 1996).
Welborn also claims that section 948.01(13)(a), Florida Statutes (1993), establishing drug offender probation is an unconstitutional delegation of legislative authority to an administrative agency. Following Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996), we reject this argument.
AFFIRM IN PART; REMAND WITH DIRECTIONS TO STRIKE CONDITIONS (9), (11), AND (12).
PARIENTE and STEVENSON, JJ., concur.