932 So.2d 1123 (2006)
Joseph COLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-812.
District Court of Appeal of Florida, Fourth District.
June 14, 2006.
Carey Haughwout, Public Defender, and Jeffrey N. Golant, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Joseph Cole appeals the Drug Offender Probation Standard Conditions contained in Part II of the Orders of Supervision for Drug Offender Probation imposed against him as a result of no contest pleas in two separate cases. We reverse.
In Lower Tribunal Case No. 02-2062CF10A, Joseph Cole was charged with burglary (conveyance). In Lower Tribunal Case No. 02-8079CF10A, Cole was charged with burglary (battery), criminal attempt sexual battery, aggravated battery, false imprisonment (armed), and aggravated stalking.
Cole pleaded no contest in both cases and entered into a negotiated plea under which he would serve three years in prison followed by five years of drug offender probation. The trial court orally imposed *1124 drug offender probation but did not state any conditions of that probation on the record. The judgment entered by the trial court did not include written probation orders imposing conditions of probation for the split sentence.
A successor trial court entered probation orders upon Cole's release from prison nunc pro tunc to the date of the judgment, concluding that doing so based on the prior trial court's oral pronouncement was a ministerial act. These written orders specifically imposed drug offender probation, including the objected-to Drug Offender Probation Standard Conditions requiring Cole to be financially responsible for drug testing and counseling, requiring the completion of a non-secure or inpatient drug treatment program, and requiring compliance with any curfew, residence, or travel restrictions imposed.
On appeal, Cole contends that the trial court's oral pronouncement of drug offender probation was insufficient to impose the unannounced Drug Offender Probation Standard Conditions requiring financial responsibility for drug testing, drug treatment, and curfew compliance, because those conditions were special in nature despite being called Drug Offender Probation Standard Conditions. The State responds that the challenged conditions were not special conditions and were standard conditions under Florida Statutes sections 948.03 and 948.20, and consequently did not require oral pronouncement prior to being reduced to a written order.
The Florida Supreme Court has recognized a "distinction between special conditions of probation that must be orally pronounced at sentencing and those general conditions for which oral pronouncement is unnecessary." State v. Hart, 668 So.2d 589, 592 (Fla.1996). The rationale for this distinction is as follows:
It has been held that the usual "general conditions" of probation are those contained within the statutes. Hart, 651 So.2d [112] at 113 [(Fla. 2d DCA 1995)]. In other words, a condition of probation which is statutorily authorized or mandated, see, e.g., sections 948.03-.034, Florida Statutes (1993), may be imposed and included in a written order of probation even if not orally pronounced at sentencing. Nank v. State, 646 So.2d 762, 763 (Fla. 2d DCA 1994). "The legal underpinning of this rationale is that the statute provides `constructive notice of the condition which together with the opportunity to be heard and raise any objections at a sentencing hearing satisfies the requirements of procedural due process.'" Id. (quoting Tillman v. State, 592 So.2d 767, 768 (Fla. 2d DCA 1992)).
"With regard to a special condition not statutorily authorized, however, the law requires that it be pronounced orally at sentencing before it can be included in the written probation order." Id. Consequently, when a trial court sufficiently apprises the defendant of the "substance of each special condition" so that the defendant has the opportunity to object "to any condition which the defendant believes is inappropriate" the minimum requirements of due process are satisfied. Olvey, 609 So.2d [640] at 643 [(Fla. 2d DCA 1992)].
Id.
Traditionally, whether a probation condition is a general condition or a special condition is determined by reference to Florida Statutes section 948.803 and Florida Rule of Criminal Procedure 3.986(e); conditions which appear in neither the statute nor the rule are considered special and must be orally pronounced. See Welborn v. State, 687 So.2d 35, 36 (Fla. 4th DCA 1997); Tory v. State, 686 So.2d 689, 692 (Fla. 4th DCA 1996). This Court has determined that conditions which must be *1125 orally pronounced include curfew and substance abuse treatment requirements in drug offender probation cases. See Tory, 686 So.2d at 692.
The general conditions enumerated in section 948.03 do not include the financial responsibility for drug testing, drug treatment, and curfew conditions set forth in the Drug Offender Probation Standard Conditions. These challenged conditions are also not found in Rule 3.986(e). Additionally, Florida Statutes section 948.20, formerly Florida Statutes section 948.01(13), addressing drug offender probation, does not statutorily mandate these conditions. Section 948.20(1) provides only that: "Drug offender probation status shall include surveillance and random drug testing, and may include those measures normally associated with community control, except that specific treatment conditions and other treatment approaches necessary to monitor the population may be ordered." Based on the absence of similar drug offender probation conditions from any statute or rule, this Court concluded in Dean v. State, 669 So.2d 1140 (Fla. 4th DCA 1996), that an oral pronouncement of "two years probation, drug offender" was insufficient to impose conditions such as rehabilitation and drug evaluation and treatment, which were deemed special conditions. Id. at 1141-1142.
Similar conclusions to those in Tory and Dean have been reached in other cases. For example, in Ayoub v. State, 901 So.2d 311 (Fla. 2d DCA 2005), the court held that a drug offender probation condition requiring the defendant to pay for drug evaluation and treatment was a special condition that must be orally pronounced and noted that "an oral statement placing a defendant on `drug probation' is insufficient to put the defendant on notice of additional drug-related probation conditions." Id. at 313-314. Similarly, in Boyd v. State, 688 So.2d 959 (Fla. 2d DCA 1997), the court struck conditions of drug offender probation requiring the defendant to pay for drug testing, evaluation, and treatment, because such conditions were special conditions which required oral pronouncement. Id. at 960.
We conclude that the Drug Offender Probation Standard Conditions imposed in the Orders of Supervision for Drug Offender Probation were special conditions, because they were not provided for by statute or rule, despite their titling as Drug Offender Probation Standard Conditions. Furthermore, the challenged conditions were similar in ilk to the conditions deemed special in Tory, Dean, Ayoub, and Boyd. Therefore, the successor trial court erred by imposing these unannounced special conditions in the Orders of Supervision. Consequently, this case on appeal is reversed and remanded for further sentencing proceedings consistent with this opinion.
Reversed.
GUNTHER, KLEIN and TAYLOR, JJ., concur.