PER CURIAM.
 

 The state filed a nine-count information against appellant, Vannie Newton, Jr. He was charged with one count of organized scheme to defraud and three counts of third degree grand theft, all of which were alleged to have occurred on June 28, 2007, and upon the property of Newton’s employer. Newton was also charged with three counts of uttering a forged instrument on June 28, 2007, and two more counts which occurred on July 31, 2007. Newton pleaded to all the charges. He was sentenced to five years in prison on the charge of organized scheme to defraud
 
 *894
 
 with credit for 191 days time served. For one of the counts of grand theft, he was sentenced to five years with credit for 191 days time served to run consecutively to the first five years. On the rest of the counts, he was sentenced to five years probation to run consecutively to the two prison terms.
 

 Newton argues that his convictions for both organized scheme to defraud and the three grand thefts violate his double jeopardy protections. “A double jeopardy claim based upon undisputed facts presents a pure question of law and is reviewed de novo.”
 
 Pizzo v. State,
 
 945 So.2d 1203, 1206 (Fla.2006). “It is undisputed that double jeopardy principles preclude convictions for both grand theft and organized fraud based upon the same conduct.”
 
 Id. See also Pineda v. State,
 
 3 So.3d 1289 (Fla. 4th DCA 2009). The grand thefts, which were facilitated by his forgeries of his employer’s checks, are the same conduct upon which the organized scheme to defraud charge was based.
 
 See Donovan v. State,
 
 572 So.2d 522 (Fla. 5th DCA 1990) (holding defendant’s convictions for organized fraud, forgery, and uttering false instruments were proper, but that he cannot also be lawfully convicted of theft).
 

 Newton’s convictions for grand theft are a double jeopardy violation and, therefore, the lesser offenses must be reversed. We remand for resentencing for organized scheme to defraud due to the possibility that the reversal of the grand theft counts thwarts the intentions of the trial court’s sentencing plan.
 
 Donovan,
 
 572 So.2d at 527 (reversal of convictions for lesser offenses allows for resentencing on the greater offense).
 

 Newton also argues that the trial court erred in not vacating from his order of probation the portion of a standard condition of supervision requiring him to submit at any time to warrantless searches by a law enforcement officer. He submits that this is a special condition that must be orally pronounced at sentencing. The condition not orally pronounced was: “(14) You shall submit your person, property, place of residence, vehicle or personal effects to a warrantless search at any time, by any probation, or community control officer or any law enforcement officer.”
 

 “[A] condition of probation which is statutorily authorized or mandated,
 
 see, e.g.,
 
 section 948.03-.034, Florida Statutes (1993), may be imposed and included in a written order of probation even if not orally pronounced at sentencing.”
 
 Cole v. State
 
 932 So.2d 1123, 1124 (Fla. 4th DCA 2006). “With regard to a special condition not statutorily authorized, however, the law requires that it be pronounced orally at sentencing before it can be included in the written probation order.”
 
 Id.
 
 (quoting
 
 Nank v. State,
 
 646 So.2d 762, 763 (Fla. 2d DCA 1994)).
 

 Section 948.03(l)(b), Florida Statutes (2007), provides that a probationer shall “[pjermit such supervisors to visit him or her at his or her home or elsewhere.” Condition (9) of the probation order form found in Florida Rule of Criminal Procedure 3.986(e) provides: ‘You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site, or elsewhere, and you will comply with all instructions your officer may give you.” Neither the statute nor the rule authorizes a law enforcement officer to visit a probationer for an administrative search without the presence of his or her probation officer. Therefore, a condition which so provides must be orally pronounced.
 

 The state asserts that the standard condition satisfies the spirit of section
 
 *895
 
 948.03(l)(b) because a law enforcement officer is permitted to accompany a probation officer on an administrative search for the protection of probation personnel. Although we agree that a law enforcement officer is permitted to accompany a probation officer on an administrative search, Condition 14 authorizes a law enforcement officer to visit a probationer without his probation officer and this is not statutorily authorized. Because it was not orally pronounced as a special condition, this portion of Condition 14 must be stricken.
 

 Reversed and Remanded with instructions.
 

 FARMER, HAZOURI and DAMOORGIAN, JJ., concur.