LABARGA, C.J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Levandoski v. State , 217 So.3d 215 (Fla. 4th DCA 2017), which certified conflict with the decision of the First District Court of Appeal in Snow v. State (Snow I ), 157 So.3d 559 (Fla. 1st DCA 2015), quashed on other grounds , No. SC15-536, 2016 WL 1696462 (Fla. Apr. 28, 2016), clarified on remand , 193 So.3d 1091 (Fla. 1st DCA 2016), on the issue of whether a trial court is required to orally pronounce each condition of "sex offender probation" contained in section 948.30, Florida Statutes (2010), when the defendant is not convicted of one of the section's enumerated offenses. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons explained below, we approve the decision of the Fourth District and disapprove of Snow to the extent it holds each special condition of sex offender probation must be orally pronounced.
FACTS AND PROCEDURAL HISTORY
In June 2009, Petitioner Michael Levandoski was arrested and charged with two offenses: (Count I) lewd computer solicitation *645 of a child[1] under section 847.0135(3), Florida Statutes (2010), and (Count II) traveling to meet a minor for unlawful sexual activity under section 847.0135(4), Florida Statutes (2010). In August 2010, Levandoski pleaded no contest to both charges.[2] Levandoski moved for a downward departure sentence and requested that he be sentenced to "sex offender probation with house arrest," rather than a prison term. The trial court denied the motion and sentenced him to forty-eight months' incarceration followed by one year of "sex offender probation" for Count I. Levandoski , 217 So.3d at 217. For Count II, the court imposed fifteen years of "sex offender probation" to run consecutively to Count I. Id. The court stated during the sentencing hearing:
I will make it a special condition of his probation that he is prohibited from-this is part of the sex offender probation anyway, but just to make the record clear, should there be any change in the law as of the time of his release, he's prohibited from accessing the internet, possessing a computer or any electronic device that can access the internet, and he's prohibited from having an email address or other similar type of address that allows him to participate in conversations with anyone over the internet by whatever name that may be known here or in the future until his probation is concluded.
The written Order of Sex Offender Probation included the standard conditions of Levandoski's probation, the special conditions orally pronounced during sentencing, and all of the conditions contained in section 948.30, Florida Statutes (2010). Levandoski's convictions and sentences were affirmed on direct appeal. Levandoski v. State , 96 So.3d 907 (Fla. 4th DCA 2012).
In 2015, after serving his prison term, Levandoski moved to strike the section 948.30 conditions of probation on the ground that they constituted an illegal sentence because the conditions were neither mandatory under the statute, nor orally pronounced at sentencing. Alternatively, he moved to modify certain conditions of his probation if the court was unwilling to strike them in their entirety.
During a hearing on the motion to strike, the trial court acknowledged that it did not review with Levandoski the conditions found in section 948.30 during the plea colloquy. It also determined that the Florida Department of Corrections was supervising Levandoski "as if he had been put on sex offender probation for [ section] 847.0135(5)." In other words, Levandoski was being supervised for every condition of sex offender probation contained in section 948.30 that is applicable to violators of section 847.0135(5), even though he was convicted of violations of section 847.0135(3) and (4). The court ultimately denied Levandoski's motion to the extent he requested the section 948.30 conditions be struck.[3]
On appeal to the Fourth District, Levandoski argued that the trial court erred in denying the motion to correct sentence. Levandoski , 217 So.3d at 217.[4] He asserted *646 that "his written sentence was illegal because it included 'sex offender probation' even though the individual components of sex offender probation were not orally pronounced at sentencing." Id. at 217. The district court disagreed and determined that, "[w]hen a court clearly imposes sex offender probation as a special condition of probation, it need not individually specify each item contained within the umbrella of sex offender probation conditions." Id. at 219. The district court concluded "the court's oral pronouncement that Levandoski would be subject to 'sex offender probation' was sufficient to impose each of the components" contained in section 948.30. Id. at 217.
The Fourth District certified conflict with the decision of the First District in Snow I , which held that only those conditions of sex offender probation that are specifically stated can be imposed, and "conditions not orally pronounced at sentencing must be stricken" and may not be imposed at resentencing pursuant to double jeopardy principles. 157 So.3d at 562.[5] This review follows.
ANALYSIS
The issue presented is a pure question of law subject to de novo review. See Norvil v. State , 191 So.3d 406, 408 (Fla. 2016).
Section 948.30 delineates the standard conditions of probation for those who commit certain enumerated sex offenses: those convicted of a violation of chapter 794, or sections 800.04, 827.071, 847.0135(5), or 847.0145, Florida Statutes (2010). Pursuant to the specific language of section 948.30, if a defendant is convicted of one of these offenses, the trial court is not required to orally pronounce each standard condition at sentencing. § 948.30, Fla. Stat. (2010). While the conditions within section 948.30 are only mandatory for violations of the enumerated offenses, they can nevertheless be imposed, in whole or in part, on violators of other offenses as special conditions of probation if they reasonably relate to rehabilitation. Villanueva v. State , 200 So.3d 47, 53 (Fla. 2016).
Historically, trial courts have orally pronounced special conditions of probation during sentencing. See Lawson v. State , 969 So.2d 222, 227 n.3 (Fla. 2007). In 1999, Florida Rule of Criminal Procedure 3.800(b) was amended to allow a defendant to file a motion to correct sentencing error in the trial court at any time until the first appellate brief is filed. Amends. to Fla. Rules of Crim. Pro. 3.111(e) & 3.800 & Fla. Rules of App. Pro. 9.020(h), 9.140, & 9.600 , 761 So.2d 1015 (Fla. 1999), modified , 761 So.2d 1025 (Fla. 2000). It was anticipated that the extended time to file a rule 3.800(b) motion would "eliminate the problem of unpreserved sentencing errors raised on direct appeal." Maddox v. State , 760 So. 2d 89, 94 (Fla. 2000). In Maddox , this Court explained how the amendments *647 to rule 3.800(b) satisfied due process concerns related to unpronounced special conditions of probation:
Prior to the [Criminal Appeal Reform Act of 1996], we differentiated between "general conditions of probation" and "special conditions of probation." See [ State v. ] Williams , 712 So.2d [762] at 764 [ (Fla. 1998) ] ; Justice [v. State ], 674 So.2d [123] at 125 [ (Fla. 1996) ]. We found that defendants are given constructive notice of the imposition of general conditions of probation that are mandated or authorized by statute. See State v. Hart , 668 So.2d 589, 592 (Fla. 1996) ; see also Brock v. State , 688 So.2d 909, 910 n. 1 (Fla. 1997). Likewise, defendants are given constructive notice of the general conditions of probation published in conditions (1)-(11) of the standard probation form found in Florida Rule of Criminal Procedure Rule 3.986(e). See Hart , 668 So.2d at 592. Thus, general conditions of probation do not have to be orally pronounced at the sentencing hearing and due process is satisfied as long as the conditions are included in the written sentencing order. See id. at 592-93.
However, we distinguished special conditions of probation, which are not statutorily authorized or mandated or found among the first eleven general conditions of probation listed in the rules of criminal procedure. See Williams , 712 So.2d at 764 ; Hart , 668 So.2d at 593. We found that if the defendant had not been given notice of the imposition of these sanctions during the oral pronouncement of sentence, the special condition of probation must be struck and could not be reimposed on remand. See Justice , 674 So.2d at 125.
Because we allowed courts to impose general conditions of probation that have not been orally pronounced, it is clear that our primary concern in correcting unannounced special conditions of probation is the due process violation occurring when a person does not have notice and an opportunity to object to the condition of probation. However, following our promulgation of rule 3.800(b), defendants have been given a procedural mechanism to object to the imposition of special conditions of probation that have not been orally pronounced. This procedural mechanism satisfies due process concerns because the defendant has an opportunity to object following the imposition of the special condition of probation.
Id. at 105 (emphasis added).
In other words, if the written sentencing order contains special conditions of probation that a defendant alleges were not orally pronounced at sentencing, substantive objections to those conditions may be raised in a rule 3.800(b) motion upon receiving the written order after the conclusion of the sentencing hearing (but before the first appellate brief is filed). Fla. R. Crim. P. 3.800(b). Therefore, the defendant cannot raise a due process claim asserting he was not afforded an opportunity to object to the unpronounced conditions because the rule 3.800(b) motion afforded him that opportunity.[6] However, if *648 the written order is not provided in time to file a rule 3.800(b) motion, the defendant would have a viable due process argument because he did not have an opportunity to object to the unpronounced conditions.
Accordingly, in order to raise a due process claim related to unpronounced special conditions of probation, a defendant must show that he was not provided with the written sentencing order in time to file a rule 3.800(b) motion. Here, Levandoski has not established or alleged that he did not receive the written order in time, and the record is unclear on this point.[7] Therefore, Levandoski is not entitled to relief.
Nevertheless, even if Levandoski did not receive the written sentencing order in time to file a rule 3.800(b) motion, we conclude he was adequately placed on notice of the conditions of his probation during sentencing. Levandoski argues that the trial court was required to orally pronounce each applicable "sex offender probation" condition found in section 948.30 during sentencing. The Fourth District disagreed and concluded that "[w]hen a court clearly imposes sex offender probation as a special condition of probation, it need not individually specify each item contained within the umbrella of sex offender probation conditions." Id. at 219. The district court determined that orally pronouncing "sex offender probation" was sufficient to satisfy due process and put Levandoski on notice, particularly since "Levandoski acknowledge[d] that the court orally imposed 'all standard conditions of sex offender probation at sentencing.' " Id. at 218.
We agree with the conclusion of the Fourth District. Not only did Levandoski acknowledge that he was placed on "sex offender probation," but he also specifically requested it. Prior to sentencing, Levandoski moved for a downward departure sentence consisting of "sex offender probation" with house arrest, rather than a prison term:
[DEFENSE COUNSEL]: We're asking the court to give him sex offender probation with house arrest. If he goes to prison, Judge-we're asking for sex offender probation , Judge, and we think that's appropriate.
(Emphasis added.) During a subsequent hearing on Levandoski's motion to strike, the trial court determined "it was the intent of all the parties, even defense counsel at the time, that sex offender probation would be imposed." Levandoski's request for sex offender probation is indicative of an understanding of what probationary conditions he would be subjected to if the court granted his request.
Moreover, during sentencing, the trial court implicitly referenced section 948.30 by specifically imposing a condition found exclusively within the statute:
I will make it a special condition of his probation that he is prohibited from-this is part of the sex offender probation anyway , but just to make the record clear, should there be any change in the law as of the time of his release, he's prohibited from accessing the internet , possessing a computer or any electronic device that can access the internet, and he's prohibited from having an email *649 address or other similar type of address that allows him to participate in conversations with anyone over the internet by whatever name that may be known here or in the future until his probation is concluded.
(Emphasis added.) The prohibition against accessing the internet as a condition of probation appears only in section 948.30(1)(h) (prohibiting a probationer from "accessing the Internet or other computer services"). No other provision within chapter 948 (Probation and Community Control) includes such a prohibition. The trial court's pronouncement, when read in context, orally imposed all of the conditions of sex offender probation, including and in particular the prohibition against accessing the internet.
Levandoski contends that, because the statutory definition of "sex offender probation" makes no reference to section 948.30,[8] he could not have known that by imposing "sex offender probation," the trial court was referring to the conditions within section 948.30. However, as the district court observed, "sex offender probation" is a term of art commonly used to refer to the conditions found in section 948.30. Levandoski , 217 So.3d at 219. Numerous cases have used the term this way,[9] and Levandoski does not assert that it has been used to refer to any other statute. Therefore, we conclude the trial court's reference to section 948.30 during sentencing, in conjunction with Levandoski's prior request for sex offender probation, adequately put Levandoski on notice of the conditions of his probation.[10]
CONCLUSION
Levandoski has failed to establish that he was not provided with the written sentencing order in time to file a rule 3.800(b) motion and, therefore, is not entitled to relief. Further, because Levandoski specifically requested sex offender probation, and the trial court implicitly referenced section 948.30 by imposing a condition of probation that is only located in that statute, we conclude due process was satisfied here. Accordingly, we approve the decision of the Fourth District and disapprove of Snow to the extent it holds each special condition of sex offender probation must be orally pronounced.
It is so ordered.
LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion.
QUINCE, J., dissents with an opinion.

The "child" in this case was actually an undercover detective posing as a fifteen-year-old in an online chat room.

The Fourth District's decision states Levandoski pleaded guilty to both charges. Levandoski , 217 So.3d at 217. However, the plea form and the written sentencing order reflect that he entered a plea of nolo contendere.

However, the trial court did modify Levandoski's probation to allow him to travel for work, with certain restrictions.

The district court treated the case "as an appeal of an order denying a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Williams v. State , 957 So.2d 600, 601 (Fla. 2007) ('[A]sserting a discrepancy between an oral and written sentence is cognizable in a rule 3.800(a) proceeding for correction of an illegal sentence')." Levandoski , 217 So.3d at 218.

On review, this Court quashed Snow I and remanded for reconsideration in light of State v. Shelley , 176 So.3d 914 (Fla. 2015) (holding double jeopardy principles prohibit separate convictions for conduct that constitutes both solicitation under section 847.0135(3)(b) and traveling after solicitation under subsection (4)(b) ). Snow v. State , No. SC15-536, 2016 WL 1696462, at *1 (Fla. Apr. 28, 2016). On remand, the district court reversed and remanded to the trial court with directions to vacate Snow's conviction and sentence for the lesser offense of solicitation pursuant to Shelley . Snow v. State (Snow II ), 193 So.3d 1091, 1091 (Fla. 1st DCA 2016). In addition, and consistent with Snow I , the district court directed the trial court to "strike those special conditions of sex offender probation not orally pronounced at sentencing." Id.

This does not leave a defendant without remedy if the written order contains conditions more severe than orally pronounced: the defendant may raise this issue as a double jeopardy claim at any time in a rule 3.800(a) motion. See Williams v. State , 957 So.2d 600, 603 (Fla. 2007) ("When the written document results in a sentence that is more severe than the sentence announced in court, this Court has considered it a potential violation of the constitutional protection against double jeopardy."). Put differently, a defendant can at any time assert a claim in a 3.800(a) motion that the written sentencing order was more severe than the oral sentence, but not that he was not afforded an opportunity to object-unless the written order was not received in time to file a rule 3.800(b) motion.

Levandoski was sentenced on October 15, 2010. The written sentencing order is dated November 1, 2010, but it is unclear when Levandoski actually received it. Levandoski did not file a rule 3.800(b) motion or raise a due process claim on direct appeal. This claim was first raised in a postconviction motion to strike which was ultimately treated as a rule 3.800(a) motion. See Levandoski , 217 So.3d at 218.

Section 948.001(13), Florida Statutes (2010), defines "sex offender probation" as
a form of intensive supervision, with or without electronic monitoring, which emphasizes treatment and supervision of a sex offender in accordance with an individualized treatment plan administered by an officer who has a restricted caseload and specialized training.

See State v. Coleman , 44 So.3d 1198, 1200-01 (Fla. 4th DCA 2010) ("[I]n addition to defining sex offender probation as involving 'intensive supervision,' chapter 948 provides that a trial court sentencing a defendant to sex offender probation must impose an extensive list of conditions for those ... convicted of certain enumerated sex crimes. See § 948.30(1) -(3), Fla. Stat. (2010)." (emphasis omitted) ); see also Staples v. State , 202 So.3d 28, 30 (Fla. 2016) (using the term "sex offender probation" to refer to the conditions in section 948.30 ); Adams v. State , 979 So.2d 921, 926 (Fla. 2008) (same); Dorsey v. State , 169 So.3d 1286 (Fla. 1st DCA 2015) (same); Harroll v. State , 960 So.2d 797 (Fla. 3d DCA 2007) (same); State v. Springer , 965 So.2d 270 (Fla. 5th DCA 2007) (same).

We nevertheless encourage trial courts to be as specific as possible during sentencing in order to avoid any misunderstanding regarding whether all, or only some, conditions of sex offender probation are to be imposed.