DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK MARION METELLUS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1107

[January 13, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 43-2017-CF-000259-AXMX.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR REHEARING***

CONNER, J.

We deny the State's motion for rehearing, but *sua sponte* withdraw our opinion dated November 18, 2020, and issue the following in its place:

Appellant, Mark Marion Metellus, appeals his conviction and sentence for possession of over 20 grams of cannabis, raising three issues. We affirm the trial court on two of the issues without discussion, but reverse in part and remand on the third issue. Because the written probation order imposed a special condition of probation for the payment of urinalysis and drug testing that was not orally announced at sentencing, a double jeopardy violation occurred. Thus, we affirm the judgment and sentence of probation with instructions to delete the probation requirement that Appellant pay for urinalysis and drug testing.

*Background*

Appellant was charged with possession with intent to sell cannabis over 20 grams and proceeded to a jury trial. The jury returned a verdict of guilty as charged.

At sentencing, the trial court adjudicated Appellant guilty and sentenced him to time served in jail, followed by two years of probation. After announcing that Appellant had to "abide by the standard conditions of probation," the trial court specifically stated: "you are subject to random urinalysis." The trial court then announced that Appellant was not to possess any illegal drugs or alcohol and:

> You are subject to random search, uh, random drug testing and that's because probation wants to make sure that you're not possessing or consuming alcohol or drugs and the best way to do it is [to] take a random urinalysis, right?

The trial court did not announce at sentencing that Appellant was to pay for urinalysis or drug testing.

In the written probation order signed by the trial court, there are fourteen "standard conditions of supervision" listed. Standard condition (11) provides: "You will submit to random testing as directed by your officer . . . to determine the presence or use of alcohol or controlled substances." Under the "Special Conditions" section of the probation order, the box for paragraph 2 is checked, which provides: "You will submit to urinalysis testing on a random basis to determine the presence of alcohol or illegal drugs. You will be required to pay for the tests unless exempt by the court."

After sentencing, Appellant gave notice of appeal. During the pendency of this appeal, Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) to correct a sentencing error, arguing that the condition requiring him to pay for his random drug tests should be stricken as it was never orally pronounced. The motion was denied.

*Appellate Analysis*

"Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo." *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016) (quoting *Smith v. State*, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014)).

Appellant argues that the trial court erred in denying his motion to correct sentencing error, which asserted that the trial court improperly

imposed a special probation condition requiring him to pay for urinalysis testing. He argues the condition of payment for testing is not a general condition of probation authorized by either section 948.03, Florida Statutes (2017) or Florida Rule of Criminal Procedure 3.986(e), and therefore, in order to be legally imposed, the condition must have been orally announced at sentencing. He further argues that the failure to orally announce the payment condition at sentencing prohibits its inclusion in the written order of probation. Finally, he argues that double jeopardy protections preclude adding a provision imposing the payment for drug testing on him, since the condition was not orally announced at sentencing and his sentence had begun. The State did not address Appellant's double jeopardy arguments in its answer brief.

We agree with Appellant's arguments. In *State v. Hart*, 668 So. 2d 589, 592-93 (Fla. 1996), our supreme court made clear that general conditions of probation are those terms of supervision which are authorized by statutes or court rules. A condition of probation authorized by statute or court rule "may be imposed and included in a written order of probation even if not orally pronounced at sentencing." *Id.* at 592. Oral pronouncement at sentencing is not required for such authorized general conditions because the enactment of the statute or rule provides constructive notice of the requirement, which permits the defendant to raise any objection to the condition at sentencing, thus satisfying due process. *Id.*

Conditions of supervision which are not authorized by statute or court rule are considered "special conditions" which must be orally announced at sentencing in order to comport with due process. *Id.*; *State v. Williams*, 712 So. 2d 762, 764 (Fla. 1998). "[W]hether a probation condition is a general condition or a special condition is determined by reference to Florida Statutes . . . and Florida Rule of Criminal Procedure 3.986(e)[, and] conditions which appear in neither [a] statute nor the rule are considered special and must be orally pronounced." *Cole v. State*, 932 So. 2d 1123, 1124 (Fla. 4th DCA 2006). Where a special condition is not authorized by rule or statute, "the law requires that it be pronounced orally at sentencing before it can be included in the written probation order." *Id.* (quoting *Nank v. State*, 646 So. 2d 762, 763 (Fla. 2d DCA 1994)).

Appellant committed the subject crime in March 2017. In 2017, Florida Statute 948.03 listed sixteen general conditions of probation. § 948.03(1), Fla. Stat. (2017). Regarding drug and alcohol testing, section 948.03(1)(*l*), Florida Statutes (2017), provided:

(*l*) 1. *Submit to random testing as directed by the correctional probation officer* or the professional staff of the treatment center where he or she is receiving treatment *to determine the presence or use of alcohol or controlled substances.*

§ 948.03(1)(*l*), Fla. Stat. (2017) (emphases added). Section 948.03 contained no provision for the *payment* of drug or alcohol testing, except for section 948.03(1)(*o*), which stated:

(*o*) *Submit to the drawing of blood* or other biological specimens as prescribed in ss. 943.325 and 948.014, and *reimburse the appropriate agency for the costs of drawing and transmitting the blood* or other biological specimens to the Department of Law Enforcement.

§ 948.03(1)(*o*), Fla. Stat. (2017) (emphases added).

The form probation order authorized by Florida Rule of Criminal Procedure 3.986(e) in 2017 contained a section entitled "Special Conditions," with checklist provisions which provided, in part:

____ You will submit to urinalysis, breathalyzer, or blood tests at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs, or controlled substances. *You shall be required to pay for the tests unless payment is waived by your officer.*

Fla. R. Crim. P. 3.986(e) (2017) (emphasis added).

Thus, the version of section 948.03(1) in effect in 2017 clearly made submission to random testing for drugs and alcohol a general condition of probation. However, there was no statutory authorization to impose *payment* for urinalysis on a probationer as a general condition of probation. Additionally, the rule form order in effect at the time listed payment for urinalysis by the probationer as a *special* condition of probation, requiring a check mark by the judge signing the order. Applying the applicable statute and rule, the condition of *payment* for urinalysis by the probationer was therefore a special condition which had to be orally announced at sentencing.[1] Because in this case, the payment condition

---

[1] We also note that the trial court did not use the 2017 version of Form 3.986(3). Instead of the language of the 2017 form stating: "You shall be required to pay for the tests unless payment is waived *by your officer*," the order stated: "You will

4

was a special condition of probation that was not orally announced at sentencing, as a matter of double jeopardy, it could not be included in the written order of probation.[2]  *See Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("When the written document results in a sentence that is more severe than the sentence announced in court, this Court has considered it a potential violation of the constitutional protection against double jeopardy.").  We agree with Appellant's argument that the requirement to pay for urinalysis or drug testing in the written sentence imposed a more onerous punishment on him than the conditions of probation orally announced at sentencing.  *See Tran v. State*, 965 So. 2d 226, 229 (Fla. 4th DCA 2007) (subsequent written order specifying the duration of sex offender treatment as a condition of probation not orally announced at sentencing constituted a double jeopardy violation).  Therefore, the trial court erred in denying Appellant's rule 3.800(b) motion to delete the imposition of payment for urinalysis by Appellant.

We further agree with Appellant's argument that the written imposition of the condition that he pay for drug testing must be deleted because it does not comport with the oral sentence announced.  *Williams*, 957 So. 2d at 603 ("[A] court's oral pronouncement of a sentence controls over the written sentencing document.").

*Conclusion*

We affirm the judgment and sentence as to all issues raised on appeal, except for the denial of Appellant's motion to correct a sentencing error where the trial court imposed a special condition of probation requiring Appellant to pay for drug and alcohol testing.  We reverse on that issue and remand for the trial court to enter a corrected probation order that

---

be required to pay for the tests unless *exempt by the court.*"  The supreme court in *State v. Williams* held that "the discretion afforded to the Department of Corrections in section 948.09(6), Florida Statutes (1995), is insufficient to serve as statutory notice that the court can make payment for drug testing a mandatory condition of probation."  *State v. Williams*, 712 So. 2d at 764.

[2] The State correctly points out that in *Levandoski v. State*, 245 So. 3d 643, 647-48 (Fla. 2018), our supreme court explained that *due process* is not violated by a failure to orally announce a special condition of probation at sentencing, because Florida Rule Criminal Procedure 3.800(b) provides a vehicle to present substantive objections to the additional condition imposed in the written sentence.  Importantly, however, the supreme court also explained that a defendant may raise a double jeopardy claim that the written sentencing order was more severe than the oral sentence at any time.  *Id.* at 647 n. 6.

deletes the requirement. Because the correction of Appellant's probation order is a ministerial act, neither resentencing nor his presence is required. *See Walker v.* State, 288 So. 3d 694, 696 (Fla. 4th DCA 2019).

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE, C.J., and KLINGENSMITH, J., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**